UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

MCAFEE, INC.,                          §
                                       §
            Plaintiff,                 §
                                       §
v.                                     §          Civil Action No. 4:08-CV-160
                                       §
WILMER CUTLER PICKERING                §
HALE AND DORR LLP,                     §
                                       §
            Defendant.                 §

## DEFENDANT WILMER CUTLER PICKERING HALE AND DORR LLP'S MOTION TO STRIKE SECOND AMENDED COMPLAINT UNDER RULE 15(a)(2)

Defendant Wilmer Cutler Pickering Hale and Dorr LLP ("WilmerHale") files this Motion to Strike Second Amended Complaint Under Rule 15(a)(2) (the "Motion"), and would show the Court as follows:

Plaintiff filed its Original Petition on April 8, 2008 in the 401st Judicial District Court of Collin County, Texas. It alleged tort claims against the law firm related to its defense of Mr. Goyal under his Indemnity Agreement with plaintiff. Pet. ¶¶ 9-24 (Dkt. #1). The next day, plaintiff filed its First Amended Petition, adding a request for declaratory relief concerning its present and future rights and duties to Mr. Goyal under the Indemnity Agreement. Am. Pet. ¶¶ 25-31 (Dkt. #1). Both petitions rely heavily on the agreement.[1] On May 2, Mr. Goyal filed suit in Delaware, to ensure that all issues relating to the Indemnity Agreement, including all of plaintiff's claims in Texas, are determined in the only court of competent jurisdiction.[2]

---

[1]   The Indemnity Agreement is attached as Exh. 1 to Defendant WilmerHale's Motion to Dismiss, filed on June 9, 2008, and is incorporated herein by reference.

[2]   Mr. Goyal's Delaware lawsuit is attached as Exh. 2 to Defendant WilmerHale's Motion to Dismiss, filed on June 9, 2008, and is incorporated herein by reference.

Dockets.Justia.com

On May 5, 2008, WilmerHale filed its Notice of Removal to this Court (Dkt. #1), and during the course of a call the same day, informed plaintiff of the removal. In response plaintiff threatened to file its Second Amended Complaint, at which point WilmerHale advised plaintiff that because plaintiff already amended in state court, it must seek leave to further amend, and that WilmerHale would oppose such a request. Despite being so advised, on May 7 plaintiff filed its Second Amended Complaint without seeking leave.

### Argument and Authorities

**A.   Plaintiff was required to obtain leave before filing the Second Amended Complaint.**

Once it has filed suit, plaintiff is permitted only a single amendment of right. Fed. R. Civ. P. 15(a)(1). Thereafter, plaintiff can only amend if WilmerHale agrees in writing, or plaintiff first obtains leave of Court. *Id.* at 15(a)(2).

It is undisputed that prior to filing the Second Amended Complaint, plaintiff had previously amended its lawsuit, by filing the First Amended Petition on April 9, 2008 -- prior to removal of this matter. Under Rule 15, a pre-removal amendment constitutes plaintiff's sole amendment of right, and leave is required to further amend. *See Howell v. City of Fresno,* 2007 WL 1501844, at *2 (E.D. Cal. 2007); *Whitehead v. Viacom,* 233 F. Supp. 2d 715, 719-20 (D. Md. 2002); *Armstrong v. Unc-Lear Siegler, Inc.,* 1999 WL 123512, at *3 (N.D.N.Y. 1999). As one court has noted:

> Following removal, federal courts recognize all prior pleadings, orders and
> other proceedings in the state court action and presume them valid. Thus,
> the Second Amended Complaint could only be filed after plaintiff first
> sought leave of court.

*Whitehead,* 233 F. Supp. 2d at 720. "Allowing plaintiff to amend his complaint again without leave of court would require this court not to recognize the original state court complaint as valid, which the court is unwilling to do." *Id.*

Under Rule 15, plaintiff was required to seek leave before filing the Second Amended Complaint.

**B.    Plaintiff's failure to obtain leave means the Second Amended Complaint should be stricken.**

Where leave to amend is required but not sought, the proper remedy is to strike the unapproved pleading. *Whitehead*, 233 F. Supp. 2d at 720; *see also Howell*, 2007 WL 1501844, at *2.

Here, it is undisputed that plaintiff did not seek leave from this Court before filing the Second Amended Complaint. It is also undisputed that plaintiff had amended its lawsuit once prior to removal to this Court. Pursuant to Rule 15, the Second Amended Complaint should be stricken.

<b>Conclusion and Prayer</b>

Defendant WilmerHale respectfully requests that this Court grant the Motion and order that plaintiff's Second Amended Complaint be stricken.

Dated: June  9 , 2008

Respectfully submitted,

R. Paul Yetter
w/permission

R. Paul Yetter
State Bar No. 22154700
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 732-8000
(713) 632-8002 (Fax)

Attorney-in-Charge for Defendant Wilmer Cutler Pickering Hale and Dorr L.L.P.

Of Counsel:

Shawn M. Bates
State Bar No. 24027287
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 732-8000
(713) 632-8002 (Fax)

Gerson A. Zweifach
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
202-434-5534
202-434-5029 (Fax)

## Certificate of Service

I certify on this 9th day of June, 2008, a true copy of this pleading was filed and served electronically on all counsel of record by e-filing, facsimile, hand delivery, and/or certified mail, return receipt requested.

_____
Shawn M. Bates


## Certificate of Conference

WilmerHale's counsel has complied with the meet and confer requirement in Local Rule CV-7(h), and the Motion is opposed. The conference required by this rule was conducted on June 6, 2008 by Shawn M. Bates and Linda Lee Weaver. No agreement could be reached because plaintiff refused to withdraw its Second Amended Complaint. Discussions have conclusively ended at an impasse, leaving this issue for the Court.

_____
Shawn M. Bates