IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| McAFEE, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:08cv160 |
| | § | |
| WILMER, CUTLER, PICKERING, HALE | § | |
| AND DORR, LLP | § | |

### ORDER TO MEET, REPORT AND APPEAR AT SCHEDULING CONFERENCE

Counsel and all unrepresented parties must appear in person for a Scheduling Conference before **JUDGE MICHAEL SCHNEIDER, United States Courthouse, 221 West Ferguson, TYLER, TEXAS, on July 24, 2008 at 1:30 p.m.**

1. Prior to the Scheduling Conference, the parties must:

   A. Hold a meeting as required by FED. R. CIV. P. 26(f) on or before **July 10, 2008.**

   B. Prepare a joint report that reflects the parties' detailed case management plan. The report must contain the information required on the attached form, including deadlines for a proposed Scheduling Order, and must be filed on or before **July 17, 2008.**

2. Unrepresented parties, unless incarcerated, are bound by the requirements imposed upon counsel in this Order.

3. Counsel must file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded</u>. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

4. Failure to comply with this Order invites sanctions, including dismissal of the action and assessment of fees and costs. *See* FED. R. CIV. P. 16(f).

**SO ORDERED.**

**SIGNED this 13th day of June, 2008.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

McAFEE, INC. §
　§
VS. § CIVIL ACTION NO. 4:08cv160
　§
WILMER, CUTLER, PICKERING, HALE §
AND DORR, LLP §

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

> Please restate each instruction before furnishing the requested information.
>
> Any differences between parties as to the response(s) to any matter must be set forth in this report.

1. State where and when the conference among the parties required by Fed. R. Civ. P. 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

2. List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related.

3. Briefly describe in 3 pages or less: (a) What this case is about and (b) Each claim or defense.

4. Specify the basis of federal jurisdiction.

5. Identify the parties who disagree with plaintiff's jurisdictional allegations and state the reasons for disagreement.

6. List anticipated additional parties that may be included, when they might be added and by whom.

7. List anticipated intervenors.

8. Describe any class-action or collective-action issues.

9. State whether the parties are exempt from initial disclosures under Rule 26(a)(1)(E).

10. State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe the arrangements that have been made to complete the disclosures.

11. Describe the proposed discovery/case management plan, including:

(a) In accordance with Rule 26(f):

    (1) Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(f).

    (2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues.

    (3) Any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced.

    (4) The steps already taken or that will be taken for preserving discoverable information, including ESI.

    (5) Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production.[1]

    (6) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

(b) When and to whom plaintiff anticipates sending interrogatories.

(c) When and to whom defendant anticipates sending interrogatories.

(d) Of whom and by when plaintiff anticipates taking oral depositions.

(e) Of whom and by when defendant anticipates taking oral depositions.

(f) When plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

(g) When plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

(h) When the opposing party anticipates taking expert depositions and the anticipated completion date.

(i) Whether there should be separate deadlines for the completion of fact discovery and expert discovery.

(j) If the parties disagree on any part of the discovery plan, describe the opposing views.

---

[1] *See* http://www.txed.uscourts.gov/Judges/Schneider/Orders&Forms for the court's standard protective order.

12. Specify any discovery beyond the initial disclosures that has taken place to date.

13. State the date the planned discovery can reasonably be completed.

14. State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.[2]

    a. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

    b. Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

    c. State whether a demand and an offer have been made.

15. From the attorneys' discussions with their client(s), state the alternative dispute resolution technique (e.g., mediation, arbitration, or summary jury trial) that would be reasonably suitable for resolving this case and when it would be most effective (e.g., before discovery, after limited discovery, at the close of discovery).

16. If mediation is the preferred ADR technique and the parties have agreed on a specific mediator, state the name and address of the mediator.

17. United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.[3]

18. State whether a jury demand has been made and if it was made on time.

19. Specify the number of hours it will take to present the evidence in this case.

20. List any pending motions that could be ruled on at the Scheduling Conference.

21. List all other pending motions.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the Scheduling Conference.

23. Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the **Order to Meet, Report and Appear at Scheduling Conference**, listing the date of the original and any amendments.

---

[2] This must be a detailed answer. Do not submit a generic recitation that settlement was discussed but was unsuccessful.

[3] The court urges parties to give this option serious consideration. Parties consenting should file the appropriate form as soon as possible so that a Rule 16 management conference can be scheduled before the Magistrate Judge. *See* Appendix "B," Local Rules For the Eastern District of Texas and http://www.txed.uscourts.gov/Rules/LocalRules/LocalRules.htm.

24. <u>Proposed Dates for Scheduling</u>. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The court's suggested dates and events may be appropriate for this case. <u>If not</u>, please propose suggested modifications that the parties believe are suited for this lawsuit. As indicated below by asterisks, some dates and events are "inflexible" because of limited judicial resources and the court's calendar.

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| Rule 26(f) meeting* | July 10, 2008 | |
| File case management plan* | July 17, 2008 | |
| **Rule 16(b) scheduling conf.*** | **July 24, 1008** | |
| Rule 26(a)(1) initial disclosures | August 11, 2008 | |
| Deadline to add additional parties | August 18, 2008 | |
| Deadline to amend pleadings | August 18, 2008 | |
| Deadline to file motions to dismiss | September 12, 2008 | |
| Exchange privilege logs | October 10, 2008 | |
| Deadline for plaintiff to designate expert witnesses & reports | November 11, 2008 | |
| Deadline for defendant to designate expert witnesses & reports | December 11, 2008 | |
| Discovery deadline | January 12, 2009 | |
| **Deadline to complete ADR** | **January 19, 2009** | |
| **Deadline to file dispositive motions*** | **January 26, 2009** | |
| Deadline to file joint pretrial order, motions in limine & proposed jury instructions (or proposed findings of fact & conclusions of law) | April 10, 2009 | |
| **Pretrial conference & trial scheduling*** | **May 11, 2009** | |

25. List the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

**Signature of Counsel and Date:**