UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MCAFEE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-160 |
| | § | |
| WILMER CULTER PICKERING | § | |
| HALE AND DORR, LLP, | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS UNDER RULES 12(b)(1), (3), (6), (7), AND 9(b)**

McAfee, Inc. ("McAfee") serves its response to Defendant Wilmer Cutler Pickering Hale and Dorr, LLP's ("Wilmer Hale") Motion to Dismiss Under Rules 12(b)(1), (3), (6) (7), and 9(b).

**SUMMARY OF RESPONSE**

Having defrauded McAfee out of millions of dollars for attorney's fees it did not earn, Wilmer Hale now attempts to avoid the consequences of its actions. It claims this case should be dismissed because:

(1) the case is not ripe even though McAfee has already paid Wilmer Hale *millions of dollars* in attorney's fees that were fraudulently billed;

(2) a contractual forum selection clause should be enforced, even though that clause is not triggered by McAfee's claims, and even if it were somehow triggered, Wilmer Hale could not enforce it because it is not a party to the contract containing the clause;

(3) an allegedly "indispensable party" has not been joined, even though that allegedly indispensable party has nothing whatsoever to do with McAfee's claims; and

(4) it does not have sufficient notice of McAfee's claims, even though McAfee's complaint satisfies the federal pleading standards.

As is clear from even a cursory review of the pleadings, Wilmer Hale's arguments are not simply wrong—they are frivolous. Its motion to dismiss should therefore be denied.

## FACTS

**A.  Wilmer Hale unleashes 50 lawyers to defend a single criminal defendant, eventually defrauding McAfee out of millions of dollars.**

Wilmer Hale is an international law firm "more than 1,000 lawyers strong" with offices in 11 cities in the United States, Europe and Asia. (Complaint at ¶ 5). This mega firm claims to be unparalleled in their legal representation and touts itself as being at the "very top" of the legal profession. (Complaint at ¶ 5). Regretfully, this 1000 lawyer firm set aside their ethics in pursuit of a fee bonanza through an unjustifiable and unreasonable billing scheme which enriched it in excess of twelve million dollars. (Complaint at ¶ 5).

Wilmer Hale was retained to represent the legal interests of McAfee's former CFO, Prabhat Goyal, three thousand miles away from its home office in a one-defendant criminal action brought in Northern California. (Complaint at ¶ 6). The case was tried by Defendant's East coast based lawyers, ending in a felony conviction of Goyal at the hands of a San Francisco jury. (Complaint at ¶ 5). Wilmer Hale's fortunes were decidedly different—it raked in an astounding *twelve million dollars* in this single-defendant criminal action without parallel civil litigation. (Complaint at ¶ 6).

Invoking the notion that McAfee could not question the necessity of actions taken to "ensure Goyal's freedom" even though it was paying the bills, Wilmer Hale intentionally over worked and churned the representation of Goyal, shamelessly employing over 100 Wilmer Hale timekeepers in the feeding frenzy. (Complaint at ¶ 7). Wilmer Hale's bills reflect at least *16*

*partners, 34 associate attorneys, 10 legal assistants and 49 staff personnel.* (Complaint at ¶ 7). Wilmer Hale also billed for unreasonable expenses, including almost $200,000 in expenses for luxury hotel rooms, limousines and charges for room service and bar tabs. (Complaint at ¶ 8).

**B.      Far from being ashamed by its actions, Wilmer Hale forced McAfee to file suit in order to recover the amounts it was obviously overbilled.**

Far from being embarrassed by its actions as it should have been, Wilmer Hale actually rebuked McAfee for daring to question its efforts toward preserving the personal freedom of the convicted felon, Goyal, and decried as "loathsome" McAfee's action in availing itself of the relief it seeks from this court. (Complaint at ¶ 10).

As such, McAfee was forced to file this lawsuit. Wilmer Hale now seeks to avoid answering for its wrongful conduct. But for the reasons explained herein, Wilmer Hale's motion to dismiss should be denied.

## ARGUMENT AND AUTHORITIES

**I.      This case is a fee dispute between McAfee and Wilmer Hale only—any other issue is irrelevant to this case.**

Wilmer Hale's motion is based almost entirely upon the existence of a Delaware action pending between Goyal and McAfee. But there is no present controversy between McAfee and Goyal—and certainly no issue related to the subject matter of this suit against Wilmer Hale.

Prahbat Goyal sued McAfee in Delaware alleging that several invoices for advancement of legal fees and expenses had not been paid and seeking payment of those fees (See attached "Motion to Dismiss as moot", Page 1 and 2). All present and past invoices submitted have been paid (See attached Exhibit A: "Motion to Dismiss as Moot", Page 1 and 2) rendering the Delaware matter moot and pending dismissal. And in any event, that action has nothing to do with whether Wilmer Hale has fraudulently billed McAfee—and collected on those bills.

For this reason alone, Wilmer Hale's motion should be dismissed.

## II. McAfee's claims are ripe for adjudication.

### A. McAfee's claims are ripe because it has already been substantially damaged by Wilmer Hale's greed.

Wilmer Hale argues McAfee's claims should be dismissed under Rule 12(b)(1) because they are not yet "ripe." Wilmer Hale is both legally and factually incorrect.

The "basic rationale" behind the ripeness doctrine is "to prevent the courts, through avoidance of premature adjudication, from entangling themselves *in abstract* disagreements." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 (5th Cir. 2008) *quoting Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967). "A court should dismiss a case for lack of 'ripeness' *when the case is abstract or hypothetical.*" *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir.2003) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir.1987)). "The key considerations [for ripeness] are the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id*.

Wilmer Hale claims this case is not ripe because McAfee's damages "are entirely contingent upon allegations that have not yet occurred." Motion at 11. Wilmer Hale is incorrect. In *Kennard v. Indianapolis Life Ins. Co.*, 420 F.Supp.2d 601 (N.D. Tex. 2006), the defendant moved to dismiss the case for lack of ripeness because it claimed—as Wilmer Hale claims here—that an ongoing underlying proceeding rendered the plaintiff's damages "potential and unrealized." *Id*. at 606. The trial court rejected the argument, explaining that the case was ripe for adjudication because the plaintiff had already sustained damage:

> **The fact that the IRS has yet to rule on the Kennard DBP's validity for tax deduction purposes is irrelevant; Kennard has already suffered damages and continues to incur expenses, most notably while defending his audit. These injuries are already immediate and definite, so the fact that the other damages from the IRS audit remain contingent at this time do not make this dispute premature or speculative.** ***Accordingly, the court finds this case to be ripe for judicial resolution.***

*Id.* at 606-07.

As the Plaintiff did in *Kennard*, McAfee has already sustained damages as a result of Wilmer Hale's greedy, tortious and unlawful conduct. (Complaint at ¶¶ 5-10). Thus, contrary to Wilmer Hale's allegations, this case is ripe for adjudication.

Wilmer Hale attempts to avoid this inevitable conclusion by claiming the case will not be ripe until Goyal's trial is over because, if he is convicted, McAfee has a contractual right to recover all defense costs from him. In fact, the exact opposite is true—McAfee will not and cannot know the true amount that Goyal owes it until a judicial determination is made as to exactly how much Wilmer Hale overcharged McAfee for the defense.

In effect, Wilmer Hale claims that, even though it overcharged for Goyal's defense, it should not be held responsible for its conduct because McAfee can just recover the full amount of the defense from Goyal. Wilmer Hale's argument should be rejected.

> **B.   The only "hardship" Wilmer Hale would suffer if this case goes forward is that it would be forced to return the legal fees it did not earn. McAfee, on the other hand, would be deprived of the millions of dollars it has already been forced to pay.**

Incredibly, Wilmer Hale claims that, even though McAfee was over charged *"for five years,"* McAfee would not suffer hardship if it were forced to wait even longer to bring its claims. Motion at 13 (emphasis added). In Wilmer Hale's warped view, it would be Wilmer Hale—not McAfee—who would suffer hardship if this case proceeds.

Clearly, McAfee would be harmed by being prevented from pursuing its claims to recover the money Wilmer Hale defrauded it out of. (Complaint at ¶¶ 5-10, 15-21). Wilmer Hale, on the other hand, does not identify exactly how it would suffer hardship if this case goes forward. Presumably, the hardship Wilmer Hale would suffer is the hardship of being forced to pay back the money it stole from McAfee. While this is undoubtedly a "hardship" in one sense of the term, it most certainly is not the type of hardship that would allow for dismissal.

### III. Wilmer Hale is not entitled to dismissal based upon the forum selection clause in the Indemnity Agreement between Goyal and McAfee.

Wilmer Hale's desperation is perhaps best illustrated by its attempt to dismiss this case based upon a forum selection clause: (1) that is not triggered; and (2) that is contained in a contract to which Wilmer Hale is not a party. Wilmer Hale's desperate argument aside, its motion to dismiss should be denied.

#### A. The claims at issue do not "arise out of" or "implicate" any contract between McAfee and Wilmer Hale.

Wilmer Hale claims it is entitled to dismissal because McAfee's claims somehow "arise out of" or "implicate" an agreement between *McAfee* and *Goyal*. As even a cursory review of McAfee's pleading makes clear, they obviously do not, and Wilmer Hale's motion should be denied.

McAfee's claims are based entirely upon the fact that Wilmer Hale unleashed 50 lawyers, 10 legal assistants and 49 staff personnel to bill *for five years* in the criminal defense of *one defendant*. (Complaint at ¶¶ 5-10). All of McAfee's claims arise out of these actions—and *none of the claims "arise out of"* or *"implicate"* the indemnity agreement. (Complaint at ¶¶ 11-33).

Wilmer Hale attempts to avoid this inevitable conclusion by relying upon *Aerus LLC v. Pro Team, Inc.* (Motion at 14). Wilmer Hale's reliance is astonishing. (Motion at 14). In addition

to the fact that the case is not even remotely similar to this one, in *Aerus*, *both the plaintiff and defendant were parties to the forum selection clause at issue. Aerus LLC v. Pro Team, Inc.*, No. Civ.A. 304CV1985M, 2005 WL 1131093, at *1 (N.D. Tex. May 9, 2005). As such, it is not at all difficult to see why disputes between the two would be considered to "arise out of the contractual relationship and implicate the agreement." *Id*. at *7.

Here, on the other hand, Wilmer Hale is not a party to the contract containing the indemnity agreement upon which it is attempting to rely. Equally important, McAfee's claims—that Wilmer Hale overbilled for legal work performed—do not "arise out of" or "implicate" the contract between McAfee and *Goyal*. As such, Wilmer Hale's motion should be denied.

**B.     Wilmer Hale is not entitled to enforce the Forum Selection Clause.**

Even if McAfee's claims implicated the forum selection clause—which they do not—Wilmer Hale would still not be entitled to rely upon that provision because it is not a party or a third party beneficiary to that contract.

For a nonsignatory to enforce a forum selection clause, it must establish a "close relationship" to a signatory to the contract. *Texas Source Group, Inc. v. CCH, Inc.*, 967 F.Supp. 234, 237 (S.D.Tex.1997) (citing cases). Such close relationship has been found to exist in the context of third party beneficiaries, related corporations, and officers and directors of corporations. *See, e.g., Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209-10 (7th Cir.1993) (binding corporations owned and controlled by contracting party); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir.1988) (binding parent companies and individual directors of contracting party); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202-03 (3d Cir.), cert. denied, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983) (binding third-party beneficiary).

Wilmer Hale has not cited—and McAfee has not found—*a single case* in which a nonsignatory to a contract was allowed to enforce a forum selection clause against one party to a contract because it had entered into an arm's length business transaction with another signatory to that contract. Indeed, the results would be absurd.

Moreover, McAfee is not equitably estopped from resisting application of the forum selection clause. Contrary to Wilmer Hale's arguments, McAfee's claims are not "directly dependent upon the subrogation clause of the Agreement." (Motion at 17). Indeed, McAfee's claims against Wilmer Hale are not contractual at all—they are tort based and therefore do not rely upon any contractual relationship. (Complaint at ¶¶ 11-33). Accordingly, Wilmer Hale's arguments should be rejected, and its motion to dismiss should be denied.

## IV. Goyal is not an indispensable party.

Wilmer Hale claims this lawsuit should be dismissed because Goyal is an indispensible party who cannot be joined. (Motion at 17-21). But like a house built on a bad foundation, Wilmer Hale's argument crumbles because it is based upon a misstatement of the facts.

McAfee's claims are based entirely upon Wilmer Hale's actions in overbilling—and accepting payment from—McAfee. (Complaint at ¶¶ 5-10). No matter how bad Wilmer Hale wants to make this Court believe that this case is about an agreement with Goyal, the simple fact remains that this is a dispute between McAfee and Wilmer Hale. Contrary to Wilmer Hale's argument, Goyal is not the only link between McAfee and Wilmer Hale. Money is the link that Wilmer Hale should never forget. Wilmer Hale overcharged McAfee and it knows it.

Wilmer Hale does not cite one reason that Goyal is indispensible to this litigation that is not based on the Indemnity Agreement. Because this Agreement is not at issue in this lawsuit, this argument fails. Finally, Wilmer Hale has the audacity to insinuate that Goyal's liberty may

somehow be jeopardized because Wilmer Hale is being sued for overbilling. Wilmer Hale is responsible for their actions and will be held accountable. They cannot attempt to avoid liability by claiming that because of this lawsuit they may not now adequately represent Goyal.

## V. McAfee's claims satisfy the federal pleading standard.

### A. McAfee's fraud claims comply with Rule 9(b).

McAfee's complaint adequately alleges a claim for fraud. The elements for fraud are the following: defendant made material representations to plaintiff that were false; defendant knew representations were false or made recklessly without knowledge of its truth; representations made with the intent that plaintiff act on it; plaintiff relied on the representation which caused plaintiff injury. *In re FirstMerit Bank*, 52 S.W. 3d 749, 758 (Tex. 2001).

McAfee alleges in its petition that Wilmer Hale overbilled McAfee by creating a team of 104 billers from its multiple locations in the United States, eventually charging $12 million dollars to represent a single criminal defendant in one criminal matter with no ongoing parallel civil action. (Complaint ¶¶5, 6 and 7). Wilmer Hale made false representations through repeated monthly bills containing representations that were either knowingly false, or at best, recklessly made. (Complaint ¶7). These representations were made with the intent that McAfee act on them by paying the fraudulent bills, and McAfee did in fact rely upon the misrepresentations by paying the bills. (Complaint at ¶¶ 5-10; Wilmer Hale's Motion at 5). These allegations clearly, and specifically, plead fraud and therefore satisfy Rule 9(b). Wilmer Hale's motion should therefore be denied.

**B.   McAfee's remaining claims are not subject to dismissal under Rule 12(b)(6).**

   **1.   The Fifth Circuit disfavors rule 12(b)(6) motions, which are "rarely granted."**

Wilmer Hale moves for dismissal of McAfee's subrogation, negligence, gross negligence and breach of fiduciary duty claims under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), claiming McAfee has failed to state any claim upon which relief could be granted. As the Fifth Circuit has repeatedly explained, a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *see also Lowrey v. Texas A&M University Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). In ruling on a Rule 12(b)(6) motion, the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Lowrey*, 117 F.3d at 247. The determining issue at this early stage is not whether the plaintiff will ultimately prevail, but whether it should be entitled to offer evidence in support of its claim. *Jones v. Greninger*, 188 F.3d 322, 325 ( 5th Cir. 1999).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). Instead, the complaint need only comply with Federal Rule of Civil Procedure 8 ("Rule 8") by providing a *short and plain* statement of the claim, including factual allegations that when assumed to be true raise a right to relief above the speculative level. *Id.*; *see also* FED. R. CIV. P. 8(a). McAfee's complaint easily meets this standard.

## 2. McAfee's claims are plead with enough detail to satisfy the federal pleading standard.

Wilmer Hale alleges that McAfee's subrogation claims must be dismissed because the payments are "contingent" and therefore Goyal has no ownership interest. Wilmer Hale fails to realize that McAfee's recovery for the extraordinary and unreasonable fees paid to Wilmer Hale directly benefits Goyal. In the event that Goyal does reimburse McAfee, he would be credited for the recovery from Wilmer Hale.

Wilmer Hale's argument that the subrogation claims may invade its attorney work product is not properly at issue in this 12(b)(6) Motion. Rule 8 only requires a *short and plain* statement of the claim, including factual allegations that when assumed to be true raise a right to relief above the speculative level. FED. R. CIV. P. 8(a). McAfee is not required to address Wilmer Hale's privilege concerns at this stage of litigation.

McAfee has also sufficiently plead its claims for negligence, gross negligence and breach of fiduciary duty. McAfee does not claim to have an attorney client relationship with Wilmer Hale, nor is this suit about legal malpractice. Wilmer Hale knew that McAfee was paying the bills. They sent the bills to McAfee and received payment directly from McAfee.

McAfee relied on Wilmer Hale to provide legal services in an ethical, accurate, and honest manner. Wilmer Hale is a law firm that is required to meet and maintain the highest of ethical standards. A fiduciary duty exists when a high degree of trust, influence, or confidence has been acquired or formed from a moral, social, or ethical relationship of trust. McAfee's trust and reliance on Wilmer Hale to do the right thing as lawyers created a fiduciary relationship. To deny the existence of a fiduciary relationship is an admission that Wilmer Hale should not have been trusted.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
UNDER RULES 12(b)(1), (3), (6), (7), AND 9(b)    PAGE 11

McAfee's complaint also places Wilmer Hale on notice that it owed a duty to use ordinary care in reviewing, editing, and entering the time charged for their legal services and ensuring that the fees and expenses charged to Plaintiff were necessary and reasonable. Wilmer Hale breached this duty resulting in substantial overcharges. McAfee has also adequately plead that Wilmer Hale intentionally and knowingly breached its duty to McAfee.

**C.   Even if McAfee's allegations failed to meet the federal pleading standard, dismissal at this early stage would be improper.**

Even if Wilmer Hale were correct as to the insufficiency of McAfee's complaint, which it is not, it would still be improper to dismiss McAfee's claims at this early stage without granting it the opportunity to amend its complaint.

As the Fifth Circuit has made clear, it is customary to afford the plaintiff an attempt to amend its complaint before dismissing it at the pleading stage:

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case… .

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Accordingly, in the unlikely event that the Court finds merit in Wilmer Hale's motion, McAfee respectfully requests leave to amend its complaint in lieu of dismissal.

## **CONCLUSION**

For these reasons, McAfee respectfully requests that this Court deny Wilmer Hale's motion to dismiss, and for such other relief to which it is justly and equitably entitled.

Respectfully submitted,

*/s/ Martin E. Rose*
Martin E. Rose
Texas State Bar No. 17253100
**Attorney-In-Charge**

Lynda Lee Weaver
State Bar No. 21010680
Kevin A. Koudelka
State Bar No. 24025971
Of Counsel

**ROSE•WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
(214) 752-8600 phone
(214) 752-8700 fax
mrose@rosewalker.com
lweaver@rosewalker.com
kkoudelka@rosewalker.com

and

Joe Kendall
State Bar No. 11260700
**PROVOST UMPHREY LLP**
3232 McKinney Ave., Ste. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Fax: (214) 744-3015
jkendall@provostumphrey.com

**ATTORNEYS FOR PLAINTIFF MCAFEE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record are were served via the Court's ECF System on this the 24th day of June, 2008:

>Paul Yetter
>YETTER & WARDEN
>Two Houston Center
>909 Fannin, Suite 3600
>Houston, TX   77010
>Phone:  713.632.8000
>Fax:  713-632-8002
>pyetter@yetterwarden.com

>>*/s/ Martin E. Rose*
>>Martin E. Rose