# EXHIBIT A

Dockets.Justia.com

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PRABHAT GOYAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 3736-VCN |
| | ) | |
| McAFEE, INC., a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS AS MOOT

Defendant McAfee, Inc. ("McAfee") hereby moves for the entry of an Order in the form attached hereto as Exhibit A dismissing this suit as moot, as (i) McAfee has paid all of the advancement requested by the plaintiff in this action and (ii) there is no present dispute between the parties. More specifically:

1.     McAfee, Inc. ("McAfee" or the "Company") and Prabhat Goyal are parties to an indemnity agreement (the "Indemnity Agreement") requiring McAfee to advance attorneys' fees and expenses incurred by Mr. Goyal in connection with litigation arising out of his employment with the Company. McAfee's amended and restated bylaws (the "Bylaws") also contain provisions concerning the advancement of attorneys' fees and expenses;

2.     On May 2, 2008, Mr. Goyal filed this lawsuit alleging that certain invoices submitted for advancement had not been paid, and seeking (among other things) entry of an order requiring that McAfee be required to advance Mr. Goyal's reasonable legal fees.

3.     At a hearing on May 9, 2008, McAfee (through its undersigned counsel) confirmed to this Court that McAfee would pay all of the unpaid invoices that were the

subject of this lawsuit within a week (while reserving it rights to challenge the reasonableness of such fees and expenses if Mr. Goyal were ultimately determined to be entitled to indemnification of his reasonable attorneys fees), and would continue to advance the reasonable fees of Mr. Goyal going forward.

4. At the May 9 hearing, the Court instructed Mr. Goyal's counsel to submit a "brief letter memorandum on why it is I have a controversy that I should adjudicate now, which is the historical reasonableness of the fees, as I understand it." Tr. at 16. Mr. Goyal's counsel agreed to "promptly submit our letter memorandum or brief addressing the issue." *Id.* at 18. However, Mr. Goyal's counsel has failed to make any such submission.[1]

5. McAfee subsequently paid to Mr. Goyal's counsel all fees for which invoices had been submitted but not yet paid.

6. There are no past due invoices that have been submitted by Mr. Goyal that remain unpaid, and no present controversy between he parties as to Mr. Goyal's right to advancement.

WHEREFORE, McAfee respectfully requests that the Court enter an Order in the form submitted herewith (i) dismissing with prejudice all claims concerning invoices for advancement that have been submitted to McAfee for payment and which McAfee has paid, and (ii) dismissing all other claims without prejudice.

---

[1] Instead, on May 19, Mr. Goyal's counsel submitted a proposed stipulation that, in the eyes of McAfee, seemed more designed to attempt to import the pending Texas litigation against WilmerHale into Delaware than to resolve the Delaware action, and McAfee therefore notified Mr. Goyal's counsel that it would not agree to the proposed stipulation.

MORRIS NICHOLS ARSHT & TUNNELL LLP

_[signature]_

Kenneth J. Nachbar (#2067)
1201 North Market Street
P. O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
 *Attorneys for McAfee, Inc.*

June 9, 2008

2359025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 9, 2008, the foregoing MOTION TO DISMISS AS MOOT was caused to be served upon the following counsel of record in the manner indicated

### BY LEXISNEXIS FILE AND SERVE:

Kevin G. Abrams
A. Thompson Bayliss
Brad Davey
Abrams & Laster LLP
20 Montchanin Road, Suite 200
Greenville, DE 19807

_____
Kenneth J. Nachbar (#2067)

2359088