UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MCAFEE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-160 |
| | § | |
| WILMER CUTLER PICKERING | § | |
| HALE AND DORR LLP, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT WILMER CUTLER PICKERING HALE AND DORR LLP'S OPPOSITION TO PLAINTIFF MCAFEE, INC.'S AMENDED MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Defendant WilmerHale opposes McAfee's motion, which should be denied for two independent reasons.

*First*, the Rules of this Court permit one response and only one response to a motion. There is no provision for filing multiple responses to the same motion. It does not matter whether the party is seeking leave to amend its complaint, as McAfee is, for the third time in two months, and may desire to make new arguments about its proposed amended complaint. McAfee has already filed a 12-page response, out of time and without leave, and is not entitled to file another.

*Second*, even if McAfee were correct in assuming that it is permissible to file a second response in a case of excusable neglect, McAfee has not come close to demonstrating excusable neglect. It cites a purported "clerical error" by an unnamed person as the reason it did not begin to work on its response earlier, but precedent makes clear that such an error does not constitute excusable neglect.

**Statement**

On June 9, WilmerHale filed its Motion to Dismiss the Second Amended Complaint. (Dkt. #7) As noted in the cover letter to this Court, a copy of which was sent to counsel for McAfee, the motion was served by hand. *See also* Exh. A (Affidavit of Service). Accordingly, under the Federal and Local Rules, McAfee's response was due on June 23.[1]

McAfee did not file any response by the June 23 deadline. Instead, on June 24 it filed a 12-page opposition to the motion to dismiss with arguments and citations. (Dkt. #11) McAfee's response addresses all four grounds set forth in the Motion to Dismiss, and cites case law where McAfee deems appropriate. *Id*. The last argument in the response states:

> [I]n the unlikely event that the Court finds merit in WilmerHale's motion, McAfee respectfully requests leave to amend its complaint in lieu of dismissal.

(*Id.* at 12)

On June 24 McAfee also moved for leave to file "a supplemental response" to the motion to dismiss. (Dkt. #12; *see also* Dkt. #14 (amended version of motion for leave)).

On June 25, counsel for McAfee contacted counsel for WilmerHale, said that McAfee intended to move for leave to file another amended complaint (which would be McAfee's third amended complaint), and asked whether WilmerHale would oppose the motion. Counsel for WilmerHale has responded that WilmerHale opposes the motion.

**Argument and Authorities**

McAfee's meritless request for permission to file another response to a motion it has already responded to should be denied.

---

[1] Local Rule CV-7(e) provides that "[a] party opposing a motion has 12 days from the date the motion was served in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision." Because the 12th day after June 9 was Saturday, June 21, McAfee's response was due on the next business day, Monday, June 23.

1.  **A Party Is Permitted to File Only a Single Response to a Motion.**

There is no provision in the rules for the multiple responses that McAfee seeks to file. Local Rule CV-7(e) provides for a singe response to a motion. McAfee elected to file its 12-page response on June 24. Having done so, it has no basis to file another response to the same motion. A party has no business filing multiple responses to one motion. The motion should be denied for this reason alone.

2.  **Even Assuming Excusable Neglect Would Justify Filing a Second Response to the Same Motion, McAfee Has Not Demonstrated Excusable Neglect.**

Without authority, McAfee assumes that a showing of excusable neglect would permit a party to file a second response to a motion to which it had already responded. (Motion ¶5) It would not. But even accepting McAfee's assumption for the sake of argument, the motion should be denied because McAfee has not shown that its neglect was excusable.

Fed. R. Civ. P. 6(b)(1) provides that for good cause a court may extend the allotted time for a filing "on motion made after the time has expired if the party failed to act *because of excusable neglect*" (emph. added). The burden of establishing excusable neglect is on the party seeking to make a filing out of time. *See Tex. Housing Agency v. Verex Assurance, Inc.*, 176 F.R.D. 534, 536 (N.D. Tex. 1998). "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect . . . ." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391 (1993).

McAfee contends that this is a case of "excusable neglect" because "[d]ue to a clerical error Plaintiff's response date was not calendared correctly," and "[t]his error was discovered on the eve of Plaintiff's deadline." (Motion ¶¶3, 5) McAfee does not say who purportedly made the alleged clerical error or under what circumstances, does not indicate what response date was calendared, and has not filed any affidavit to support its assertion. Moreover,

McAfee's statement that "[t]his error was discovered on the eve of Plaintiff's deadline" is puzzling because McAfee allowed the June 23 deadline to pass without filing anything.

But even putting all this aside, the case law establishes that a mistake in calendaring a deadline does *not* constitute excusable neglect. *See, e.g.*, *Parra v. Markel Int'l Ins. Co.*, 2007 WL 2363011, at *1-2 (S.D. Tex. 2007) (holding that the failure of plaintiff's counsel to calendar deadline for responding to motion to exclude plaintiff's expert was not excusable neglect; "if response deadlines are to have any meaning, they cannot be ignored or forgiven if counsel simply forgets to calendar a deadline"); *Gonzalez v. State Fair of Texas, Inc.*, 2000 WL 326165, at *1-*2 (N.D. Tex. 2000) (holding that the failure of a new clerk employed by plaintiff's counsel to calendar a response date, at a time when counsel was preparing for trial in another case, was not excusable neglect, and refusing to set aside judgment entered after plaintiff had failed to respond to defendant's motion for summary judgment); *Dole v. Mad Annie's Package Express, Inc.*, 1989 WL 160630, at *2 (W.D. Tenn. 1989) ("[F]ailure by defendants' attorney to note the due date of his response on his calendar and his failure to comply with the federal and local rules of civil procedure do not amount to 'excusable neglect' on his part."); *see also Ramseur v. Barreto*, 216 F.R.D. 180, 182 (D.D.C. 2003) ("Were the court to find that counsel's act of 'inadvertently overlooking' a filing deadline is 'excusable neglect,'" then the standard would be rendered meaningless."). Thus, McAfee's claim of a calendaring error is insufficient to demonstrate excusable neglect.[2]

---

2  McAfee asserts that WilmerHale "will not be prejudiced by this extension." (Motion ¶5) But this case does not involve a mere "extension" of time, nor are McAfee's claims routine. McAfee has accused WilmerHale of fraud and theft. After WilmerHale moved to dismiss McAfee's baseless allegations, McAfee chose to file a response to the motion to dismiss, but it now seeks leave to file another response. WilmerHale is entitled promptly to file a reply to the response already on file. To force a party facing serious charges to litigate under a novel procedure devised for its opponent's benefit would indeed be prejudicial.

**Conclusion**

For the foregoing reasons, WilmerHale respectfully requests that this Court deny McAfee's Amended Motion for Leave to File a Supplemental Response to the Motion to Dismiss.

Dated: June 26, 2008

Respectfully submitted,

Of Counsel:

   /s/ *R. Paul Yetter*
R. Paul Yetter

Shawn M. Bates
State Bar No. 24027287
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 732-8000
(713) 632-8002 (Fax)

State Bar No. 22154700
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 732-8000
(713) 632-8002 (Fax)

Attorney-in-Charge for Defendant Wilmer Cutler Pickering Hale and Dorr LLP

Gerson A. Zweifach
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
202-434-5534
202-434-5029 (Fax)

**Certificate of Service**

I certify on this 26th day of June, 2008, a true copy of this motion was filed and served electronically on all counsel of record by e-filing.

   /s/ *Shawn M. Bates*
Shawn M. Bates