UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| McAFEE, INC.<br><br>    Plaintiff,<br>v.<br><br>WILMER, CUTLER, PICKERING, HALE AND DORR, L.L.P<br><br>    Defendant. | **JURY REQUESTED**<br><br>No. 4:08-cv-160 MHS-DDB |

**PLAINTIFF MCAFEE, INC.'S MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT AND RESPONSE
TO MOTION TO STRIKE SECOND AMENDED COMPLAINT**

    COMES NOW, McAfee, Inc. ("Plaintiff") and files this Motion for Leave to File Third Amended Complaint and Response to Defendant's Motion to Strike Second Amended Complaint under Rule 15(a)(2) and shows as follows:

### I.    SUMMARY OF THE MOTION

    1.    The original petition in this case was filed by McAfee in state court. From the inception, McAfee agreed to proceed on a notice pleading while the parties discussed settlement, and to amend with more specific facts and causes of action only if the parties were unable to resolve this dispute in the very early stages of litigation. While McAfee was still focusing on resolving the case through settlement talks, Defendant unilaterally removed the case to federal court before McAfee could amend its pleading to include all the causes of action which will ultimately be pursued in the course of this litigation. Unfortunately, McAfee had previously filed an amended petition in <u>state court</u>, and failed to seek leave to file its Second Amended Complaint in federal court. Defendant now attempts to strike that Complaint and force McAfee to rely on the notice pleading filed in state court – without alleging any bad faith or delay on

Dockets.Justia.com

McAfee's part or any prejudice on its part, but for the sole reason that McAfee failed to seek leave to file the Complaint.

2. A ruling on Defendant's Motion to Strike is unnecessary, because McAfee now seeks leave to file its Third Amended Complaint. No discovery has been conducted, and no deadlines to amend have passed. McAfee will be prejudiced if leave is denied. However, Defendant will suffer no prejudice if McAfee is permitted to file its Third Amended Complaint – because Defendant has known all along the nature of the claims alleged by McAfee in that Complaint. Accordingly, so that McAfee may pursue all of its relevant claims, so that discovery may be conducted on all relevant claims, and in accordance with the parties' agreement to proceed on notice pleadings until settlement discussions ended, McAfee seeks leave to file its Third Amended Complaint, tailoring its claims to the facts of this case by dismissing a cause of action for equitable subrogation and adding claims for assumpsit, theft, gross negligence, fee forfeiture, and exemplary damages.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

3. Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P. ("Defendant" or "Wilmer Hale") was retained to represent the legal interests of McAfee's former CFO, Prabhat Goyal, in a one-defendant criminal action brought in Northern California. Wilmer Hale tried the case which ended in a felony conviction of Goyal. Wilmer Hale charged an unreasonable and unjustifiable $12 million fee in this single defendant criminal action, even in the absence of any parallel civil litigation and its attendant discovery fees and expenses. McAfee paid Wilmer Hale for Goyal's defense and filed this suit to recover from Wilmer Hale for its intentional or fraudulent overbilling.

4. McAfee filed its Original Petition in State Court in Collin County, Texas.[1] Because Texas State courts allow free amendment of pleadings as the parties may desire until seven days before the trial of the case,[2] McAfee agreed to proceed on its initial notice pleading, without amending its claims, while the parties pursued settlement negotiations. While the suit was still pending in state court, McAfee did amend its Petition one time solely to add a claim for declaratory relief (McAfee's First Amended Petition) but still refrained from including additional causes of action that Wilmer Hale knew would be pursued if early settlement talks were not effective and full-blown litigation became necessary.

5. While McAfee was actively engaged in settlement efforts, and abiding by the parties' agreement that McAfee would not amend its complaint further until those discussions broke down, Wilmer Hale removed the case to this Court based on diversity of citizenship. McAfee then filed its first pleading in this Court (McAfee's Second Amended Complaint) on May 7, 2008, alleging the causes of action that it had agreed to forbear filing while the parties continued good faith settlement efforts.

6. McAfee's Second Amended Complaint was filed in this Court before any responsive pleading was filed by Wilmer Hale, and before any deadline to amend had passed. Believing at the time that leave was not necessary because McAfee had not yet amended its Complaint in federal court, McAfee did not seek leave before filing its Second Amended Complaint.

7. Wilmer Hale has filed a motion to strike McAfee's Second Amended Complaint. This is clearly a move to limit McAfee to the notice claims originally filed in McAfee's <u>state court pleading</u>, by concurrently moving to dismiss the claims set out by McAfee's First

---

[1] Collin County was a proper venue for this case, because all bills at issue were sent by Wilmer Hale to Collin County and all payments were issued from Collin County. The case was ultimately removed based on diversity.
[2] TEX. R. Civ. P. 63.

**PLAINTIFF MCAFEE, INC.'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT
AND RESPONSE TO MOTION TO STRIKE SECOND AMENDED COMPLAINT          PAGE 3**

Amended Complaint – the complaint originally filed in Texas State Court, and a Complaint which McAfee would have been free to amend had Defendant not removed the case to this Court.

8. Finally, a ruling on Wilmer Hale's Motion to Strike McAfee's Second Amended Complaint is unnecessary, because McAfee now seeks leave to file its Third Amended Complaint, which has been filed concurrently with the filing of this Motion for Leave.

### III. MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

#### A. The Standard for Granting the Motion for Leave

9. McAfee seeks leave to amend its complaint pursuant to FRCP 15(a)(2), deleting a cause of action for equitable subrogation, and adding the more appropriate causes of action for assumpsit, theft, gross negligence, fee forfeiture, and exemplary damages. The purpose of these amendments is to add claims arising out of the very actions about which McAfee complained to Wilmer Hale at the inception of the lawsuit, claims which McAfee could have freely added to its state court pleadings - until Wilmer Hale removed the case to this Court. It is necessary for McAfee to add these claims to adequately protect and pursue the claims arising out of the actions of Wilmer Hale, and McAfee will be prejudiced if leave is not granted to amend its complaint by adding those claims.

10. Pursuant to FRCP 15(a)(2), when a party seeks leave to amend its pleadings, the Court should "freely give leave when justice so requires." In fact, Rule 15(a) evinces a bias in favor of granting leave to amend,[3] and long-standing Supreme Court authority provides that "[Unless there is a] reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

---

[3] *In re Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (quotation omitted).

prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. — the leave sought, as the rules require — must be freely given."[4]

11. In applying FRCP 15(a)(2), one court in the Eastern District of Texas recently allowed leave to amend when the additional claims did not affect discovery on any claim or defense in the case, and where denial of leave would "greatly prejudice" the party seeking to amend an affirmative defense that significantly affected its potential liability in the case.[5] Another court in the Eastern District of Texas recently granted leave to amend not only because trial was still 6 months away and the deadlines had not passed for either conducting discovery or filing dispositive motions, but also because it acknowledged the "gamesmanship" of the parties opposing the amendment when they had prior knowledge that the amendments would be made.[6]

### B. McAfee Has Met the Standard - Leave Should Be Granted in This Case

12. The standards of Rule 15(a)(2) and its application by the courts in the Eastern District of Texas certainly support allowing McAfee to amend its Complaint in these circumstances. The amendment will not affect discovery on the claims and defenses in the case; there has been no undue delay or bad faith on the part of McAfee; there will be no prejudice to Defendant if McAfee's Third Amended Complaint is filed; and there will be substantial prejudice to McAfee if leave is denied.

13. When compared to the First Amended Complaint, the Third Amended Complaint deletes a cause of action for equitable subrogation, and adds more appropriate causes of action for assumpsit, theft, gross negligence, fee forfeiture, and exemplary damages – all in an effort by McAfee to more accurately tailor the pled causes of action to the facts of this case. The deletion

---

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[5] *Reedhycalog UK, Ltd. V. Baker Hughes Oilfield Operations, Inc.*, ---F.R.D.---,2008 WL 828057 at *6-7 (E.D.Tex. 2008).
[6] *Mass Engineered Design, Inc. v. Ergotron*, 2008 WL 1930299 at *2 (E.D.Tex. 2008).

of the equitable subrogation claim from the Third Amended Complaint also obviates the need for the Court to rule on Wilmer Hale's Motion to Dismiss based on that claim, which is currently pending before the Court.

14. The proposed amendment will affect discovery only in a positive way. This case was just removed on May 7, 2008. No Scheduling Conference has been conducted, and no deadlines to amend have expired. No discovery was conducted in the state court action prior to the removal, neither side has served written discovery in the federal action, and no depositions have been taken. This is exactly the appropriate time for McAfee to amend its Complaint and clarify its claims so that when discovery does commence, the relevant claims are adequately addressed by both sides.

15. Finally, McAfee will be greatly prejudiced if the Amended Complaint is not filed. By contrast, not only will Defendant suffer no prejudice by allowing the proposed amendment, but it would be rewarded for its gamesmanship by limiting McAfee to claims alleged in a petition filed in state court – a petition which could have been freely amended by McAfee as long as the case stayed in state court, which both parties knew would ultimately be amended by McAfee, and which McAfee would have already amended but for its compliance with the parties' agreement, its commitment to good faith settlement discussions, and Defendant's stealth removal to this Court after McAfee filed one amended petition in state court.

16. McAfee made Defendant well aware of the nature of its complaints, and the causes of action that could arise out of those complaints and which are included in McAfee's Third Amended Complaint, since before this lawsuit was filed. Defendant likewise knew that McAfee would ultimately amend to include the claims contained in McAfee's Third Amended Complaint – claims which would have been included at the outset but for McAfee's commitment

to try to settle this dispute before making the claims a matter of public record. McAfee should not be punished for its efforts to resolve this case prior to engaging in extensive discovery and expensive litigation, or for honoring its side of the bargain by not amending its Complaint while settlement discussions were ongoing. Instead, McAfee should be allowed to bring all of its claims before the court, and should not be limited to only those claims which happened to be filed in state court before Defendant removed this case.

17. This is an appropriate case for the leave sought by McAfee to be, as the Supreme Court suggests, freely given. Consequently, McAfee should be allowed to amend its complaint to dismiss the claim of equitable subrogation, and add the claims of assumpsit, theft, gross negligence, fee forfeiture, and exemplary damages.

WHEREFORE, PREMISES CONSIDERED, McAfee, Inc. respectfully requests that the Court grant its Motion for Leave to File its Third Amended Complaint.

**Dated: June 26, 2008**                    Respectfully submitted,


*/s/ Martin E. Rose*
Martin E. Rose
State Bar No. 17253100
**Attorney-In-Charge**

Lynda Lee Weaver
State Bar No. 21010680
Kevin A. Koudelka
State Bar No. 24025971
Of Counsel

**ROSE●WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Telephone: (214) 752-8600
Fax: (214) 752-8700

**ATTORNEYS FOR PLAINTIFF
MCAFEE, INC.**
and

Joe Kendall
State Bar No. 11260700
Of Counsel
**PROVOST UMPHREY LLP**
3232 McKinney Ave., Ste. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Fax: (214) 744-3015

**ATTORNEYS FOR PLAINTIFF
MCAFEE, INC.**

## CERTIFICATE OF CONFERENCE

I certify that I conferred via telephone on June 25, 2008 and June 26, 2008, with Shawn Bates and Paul Yetter of Yetter & Warden, counsel for Defendant. Counsel for Defendant is unopposed to the filing of the Response to Motion to Strike Second Amended Complaint. The conference regarding the Motion for Leave to File Plaintiff's Third Amended Complaint was conducted in good faith and the parties concluded, in good faith, that the discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve with respect to leave for Plaintiff to file its Third Amended Complaint.

>    */s/ Lynda Lee Weaver*_____
>    Lynda Lee Weaver

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure a true and correct copy of the above and foregoing was forwarded to all counsel of record on this 26th day of June, 2008.

>    Paul Yetter
>    YETTER & WARDEN
>    Two Houston Center
>    909 Fannin, Suite 3600
>    Houston, TX 77010
>    Phone: 713.632.8000
>    Fax: 713-632-8002
>    pyetter@yetterwarden.com

>    */s/ Lynda Lee Weaver*_____
>    Lynda Lee Weaver