UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| McAFEE, INC.<br><br>    Plaintiff,<br>v.<br><br>WILMER, CUTLER, PICKERING, HALE AND DORR, L.L.P<br><br>    Defendant. | **JURY REQUESTED**<br><br>**No. 4:08-cv-160 MHS-DDB** |

### PLAINTIFF MCAFEE, INC.'S THIRD AMENDED COMPLAINT

Plaintiff files this Third Amended Complaint against Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.; (Defendant) and shows as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

2.    Venue is proper in this District under 28 U.S.C. § 1391(a).

### PARTIES

3.    McAfee, Inc., formerly known as Networks Associates, Inc. ("McAfee") is a corporation organized and existing under the laws of the State of Delaware with a principal office and place of business in Plano, Collin County, Texas. Collin County, Texas is located in the Eastern District of Texas.

4.    Defendant WILMER, CUTLER, PICKERING, HALE AND DORR, L.L.P. ("Wilmer Hale") is a Limited Liability Partnership with its principal place of business in Massachusetts. Defendant may be served with process by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## FACTS

5. Wilmer Hale is an international law firm "more than 1,000 lawyers strong" with offices in 11 cities in the United States, Europe and Asia. This mega firm claims to be unparalleled in their legal representation and touts itself as being at the "very top" of the legal profession. Regretfully, this 1000 lawyer firm set aside their ethics in pursuit of a fee bonanza through an unjustifiable and unreasonable billing scheme which enriched them in excess of $12 million.

6. Defendant was retained to represent the legal interests of Plaintiff's former CFO, Prabhat Goyal - 3000 miles away in a one-defendant criminal action brought in Northern California. The case was tried by Defendant's East coast based lawyers, ending in a felony conviction of Goyal at the hands of a San Francisco jury. The $12 million fee bonanza was generated in this single defendant criminal action without parallel civil litigation and its attendant discovery fees and expenses.

7. Invoking the notion that Plaintiff could not question the necessity of actions taken to "ensure Goyal's freedom" Defendant intentionally over worked and churned the representation of Goyal; shamelessly employing over 100 Wilmer Hale timekeepers in the feeding frenzy. Defendant's bills reflect at least 16 partners, 34 associate attorneys, 10 legal assistants and 49 staff personnel – how else could they amass this enormous trove of cash?

8. Defendant's expenses include almost $200,000 in expenses for luxury hotel rooms, limousines and charges for room service and bar tabs.

9. Defendant knew, or should have known, that their billing practices in the Goyal representation were unreasonable and unjustifiable.

10. Defendant is unrepentant in its greed. Confronted with these clear over charges, the Defendants rebuked Plaintiff for daring to question their efforts toward preserving the personal freedom of the convicted felon, Goyal, and decried as "loathsome" Plaintiff's action in availing itself of the relief it seeks from this court. This court is asked to determine exactly whose conduct was "loathsome" in this dispute.

## ASSUMPSIT

11. Plaintiff incorporates the foregoing paragraphs by reference.

12. From February 2003 to the present, Defendant engaged in a billing scheme which resulted in approximately 100 Wilmer Hale timekeepers overcharging Plaintiff for legal fees related to the defense of Goyal. The bills for these overcharges were presented for payment in Collin County Texas on a monthly basis over a period of four years. Prior to hiring an independent legal audit firm to investigate the file and expose the over billing, Plaintiff paid the excessive charges in Collin County Texas.

13. Plaintiff did not uncover the over billing scheme and discover the overcharges until an independent audit was conducted in December of 2007.

14. Due to its recovery and receipt of the unjustified fees and overcharges allegedly related to Goyal's defense, Defendant is holding money that rightfully, equitably and in good conscious belongs to Plaintiff.

15. Plaintiff has rightful ownership of the money that Defendant holds.

16. The money which rightfully belongs to Plaintiff was acquired by Defendant through fraud or malice, entitling Plaintiff to the recovery of exemplary damages.

## FRAUD

17. Plaintiff incorporates the foregoing paragraphs by reference.

18. Defendant made material representations to Plaintiff that were false.

19. Defendant knew or had reason to expect that Plaintiff would rely on these false representations. Defendant made these representations with the intent that Plaintiff would act on the representations and Plaintiff relied on these representations causing Plaintiff's injury.

20. Defendant took advantage of the "deep pocket" of the Plaintiff, knowing that Plaintiff would pay the bill for their former CFO's legal representation. Defendant then engaged in a billing "free for all."

21. Plaintiff relied on Defendant's deception and misrepresentations to their detriment. Plaintiff relied on Defendant's repeated representations contained in their billings, related correspondence and communication together with their reputation as a top quality law firm when making payments to Defendant. It was not until Plaintiff retained the services of a legal audit firm to review Defendant's massive bills that Plaintiff learned of the billing scheme. Had Plaintiff known the truth it would never have approved and paid over $12 million in legal fees and expenses. Plaintiff seeks disgorgement of Defendant's ill-gotten gains.

## THEFT

22. Plaintiff incorporates the foregoing paragraphs by reference.

23. Pursuant to the Theft Liability Act, Defendant is liable for violation of Texas Penal Code 31.03. Defendant unlawfully appropriated millions of dollars from Plaintiff by deception and fraudulent billing. Defendant appropriated funds with purpose and intent to deprive Plaintiff and for Defendant's own profit and gain. Defendant has stolen millions of dollars from Plaintiff for their unjustifiable fees.

## NEGLIGENCE

24. Plaintiff incorporates the foregoing paragraphs by reference.

25. Defendant owed a duty to use ordinary care in reviewing, editing, and entering the time charged for their legal services and ensuring that the fees and expenses charged to Plaintiff were necessary and reasonable.

26. Defendant breached this duty, as outlined above, by allowing the 104 attorneys and staff, they were bound to supervise, to bill at will regardless of the reasonableness or necessity of their time entries. This breach of duty resulted in substantial over charges and inflated bills that were created and sent for payment, proximately causing Plaintiff's damages.

## GROSS NEGLIGENCE

27. Plaintiff incorporates the foregoing paragraphs by reference.

28. Defendant intentionally and knowingly failed to review, edit, and enter time charged for legal services and intentionally charged for legal services known to be unjustifiable and unreasonable.

29. Defendant committed fraud and theft.

30. Defendant's intentional acts proximately caused Plaintiff's damages.

## BREACH OF FIDUCIARY DUTY

31. A fiduciary relationship exists between Plaintiff and Defendant. Plaintiff relied on Defendant to provide legal services in an ethical, accurate, and honest manner.

32. Defendant breached that fiduciary relationship by the acts and/or omissions outlined in the paragraphs above. As a proximate result of Defendant's breach, Plaintiff was injured and Defendant directly benefited. Defendant's actions constitute a breach of their fiduciary duty to Plaintiff. Plaintiff has been damaged as a result by paying excessive and fraudulent fees.

## FEE FORFEITURE

33. A fiduciary must yield to its beneficiary all profits flowing from the breach of its fiduciary duty. To date, Defendant has profited in excess of $12 million through 104 people churning time on this one case. Plaintiff is entitled to recover all legal fees paid because Defendant forfeits the fees by their excessive and fraudulent billing practices.

## EXEMPLARY DAMAGES

34. Defendant billed Plaintiff for six million dollars in legal fees that Defendant knew were unjustifiable. Wilmer Hale purposely assigned a massive work force of over 100 people to this one defendant's case and turned them loose to bill as much as possible. Plaintiff is entitled to exemplary damages as a result of Defendant's theft, fraud, assumpsit, and gross negligence. Exemplary damages are not limited under Texas CPRC 41.008 due to Defendants' theft.

## ATTORNEY FEES

35. As a consequence of Defendant's actions, it was necessary for McAfee to employ the undersigned attorneys to file suit. Pursuant to the laws of the State of Texas, McAfee is entitled to recover from Defendant the reasonable attorneys' fees and costs incurred in maintaining this lawsuit.

## DEMAND FOR JURY TRIAL

35. Plaintiff hereby requests that this matter be tried before a jury.

WHEREFORE, Plaintiff prays for judgment and requests that the Court find that:

a) Defendant be found liable for all causes of action stated herein;

b) Plaintiff be awarded damages sufficient to compensate it for the intentional, fraudulent, and negligent acts of Defendant;

c) Plaintiff is awarded its attorneys' fees, costs and expenses;

d) Plaintiff is awarded exemplary damages due to Defendant's fraud, theft, assumpsit, and gross negligence;

e) Plaintiff recovers all legal fees paid and Defendant forfeit all fees received from its excessive and fraudulent billing practices;

f) Plaintiff is awarded such other and further relief as the Court may deem just.

Respectfully submitted,

_____
Martin E. Rose
Texas State Bar No. 17253100
**Attorney-In-Charge**

Lynda Lee Weaver
State Bar No. 21010680
Kevin A. Koudelka
State Bar No. 24025971
Of Counsel

**ROSE•WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
(214) 752-8600 phone
(214) 752-8700 fax
mrose@rosewalker.com
llweaver@rosewalker.com
kkoudelka@rosewalker.com

and

Joe Kendall
State Bar No. 11260700
Of Counsel
**PROVOST UMPHREY LLP**
3232 McKinney Ave., Ste. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Fax: (214) 744-3015
jkendall@provostumphrey.com

**ATTORNEYS FOR PLAINTIFF MCAFEE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record are being served today, June 26, 2008, with a copy of the foregoing, via email and certified mail.

>Paul Yetter
>YETTER & WARDEN
>Two Houston Center
>909 Fannin, Suite 3600
>Houston, TX 77010
>Phone: 713.632.8000
>Fax: 713-632-8002
>pyetter@yetterwarden.com

_____
Martin E. Rose