McAfee, Inc v. Wilmer, Cutler, Pickering, Hale and Dorr, LLP Doc. 22

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| McAFEE, INC.<br><br>Plaintiff,<br>v.<br><br>WILMER, CUTLER, PICKERING, HALE AND DORR, L.L.P<br><br>Defendant. | **JURY REQUESTED**<br><br>**No. 4:08-cv-160 MHS-DDB** |

**PLAINTIFF MCAFEE, INC.'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, McAfee, Inc. ("Plaintiff" or "McAfee") and files this Reply to Defendant's Response in Opposition to Plaintiff's Motion for Leave to File a Supplemental Response to Defendant's Motion to Dismiss and shows as follows:

1. On the evening of June 24, 2008, McAfee discovered that Defendant had filed Defendant Wilmer Cutler Pickering Hale and Dorr LLP's Motion to Dismiss Under Rules 12(b)(1), (3), (6) (7), and 9(b) and Request for Oral Hearing (the "Motion"). McAfee timely filed Plaintiff's Response to Defendant's Motion to Dismiss Under Rules 12(b)(1), (3), (6), (7), and 9(b) (the "Response") that same day. The Response that McAfee filed was not the full and complete response which McAfee would have filed if it had more than a few hours to file its Response. Aware of the insufficiency of the Response, McAfee also sought to file a supplemental response to more completely respond to the Motion.

2. McAfee's failure to discover the Motion until the day it was due was the result of excusable neglect. Therefore, in the interest of justice, and because it would greatly prejudice McAfee to rely only on the Response currently filed with the Court, but would work no prejudice



Dockets.Justia.com

to Defendant to grant the leave sought, McAfee requests that the Court grant McAfee leave to file a supplemental response to the Motion before the Court dismisses any of McAfee's claims.

## I. McAfee's Response to Defendant's Motion to Dismiss Was Timely Filed

3. Defendant served the Motion on McAfee electronically on June 9, 2008.[1] Pursuant to Federal Rule of Civil Procedure 6(d), when a motion is served electronically, "3 days are added after the period would otherwise expire."[2] Because the Motion was served electronically, the deadline for McAfee's response was June 24, 2008, and McAfee's Response was timely filed on that day. (The fact that Defendant also chose to send a courtesy copy of the Motion by hand delivery to Plaintiff's counsel does not alter the deadline for the Response set forth in the Federal Rules of Civil Procedure and in the Eastern District Local Rules, and does not change the fact that three additional days are added to the response deadline when a motion is served electronically.)

## II. There is No Requirement in the Local Rules that Limits McAfee to Filing A Single Response to Defendant's Motion

4. Defendant cites Local Rule CV-7(e) for the proposition that a party is allowed to file only one response to any motion. That limitation is simply not contained in Local Rule CV-7(e), and Defendant cites no other authority for its proposition.

5. In this case, McAfee should be granted leave to file a supplemental response because a circumstance of excusable neglect prevented McAfee from filing a complete and adequate response by the deadline, and justice requires that McAfee be allowed to file a complete response before its claims are dismissed by this Court.

## III. McAfee Should Be Allowed to File a Supplemental Response to Defendant's Motion to Dismiss

---

[1] See Certificate of Service on Defendant's Motion to Dismiss.
[2] Eastern District Local Rule CV-7(e) also provides that "except for motions served under Fed.R.Civ.P. 5(b)(2)(A), three days shall be added to the prescribed time period pursuant to Fed.R.Civ.P. 6(e)."

McAfee should be allowed to fully respond to the Motion before any of McAfee's claims are dismissed because a failure to file a complete response before the deadline was the result of excusable neglect and this Court should not dismiss a party's claims without the benefit of a full and substantive presentation by both parties.

**A. McAfee's Failure to Fully and Adequately Respond to Defendant's Motion to Dismiss Was a Result of Excusable Neglect**

6. This Court has discretion to extend McAfee's time to respond to Defendant's Motion to Dismiss upon McAfee's showing that a failure to adequately and completely respond was the result of excusable neglect. In this case, McAfee asks the Court to exercise that discretion to allow McAfee to file a supplemental response that more completely and adequately responds to the Motion.

7. The Supreme Court has defined "neglect" as giving "little attention or respect to a matter," or leaving a matter "undone or unattended to, especially through carelessness . . . the word . . . encompasses both simple, faultless omissions to act and, more commonly, omissions caused by carelessness."[3] In *Produce Alliance*, the Northern District found neglect when the employee filed away a court's order while assuming, but without first confirming, that the attorney in charge had also seen the Order.

8. To determine whether neglect is "excusable" the Eastern District of Texas has formulated the following standard:

> The determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable

[3] *Produce Alliance, L.L.C. v. Fresh America Corp*., 2003 WL 21554513 at *3 (N.D.Tex. 2003), not reported in F.Supp.2d., *citing Pioneer Investment Services Co. v. Brunswick Associates L.P.*, 507 U.S. 380(1993).

control of the movant, and whether the movant acted in good faith.[4]

9. In the present circumstances, McAfee discovered that Defendant had filed a Motion to Dismiss at 6:15 p.m. on the day the response was due.[5] Although the Motion had been received electronically on June 9, 2008, the paralegal responsible for calendaring the response deadline did not notice the e-mail in her in-box, and, without opening or reading the e-mail, accidentally moved it into another folder containing items that had been previously handled or addressed.[6] Because the paralegal did not open or read the Motion, she consequently did not calendar the response date. [7] The courtesy copy of the Motion that was hand-delivered on June 9, 2008 was simply sent to the file because the persons who received it noted that the Motion had also been served electronically, and assumed, without confirming, that the recipients of the e-mail would calendar the response deadline.[8] This was simply a case of different factions of the office each assuming that the other had calendared the response deadline, when in fact the deadline was never calendared at all. When the Motion was discovered at 6:15 p.m. on June 24, 2008, McAfee immediately drafted, filed, and served a Response that same evening. McAfee also contacted opposing counsel to request an extension of time to file its Response – Defendant's counsel denied that request.[9]

10. There is no danger of prejudice to Defendant in this case, and the only prejudice remotely addressed by Defendant is the potential necessity to respond to more than one motion. If permitted by this Court, McAfee would of course agree that Defendant should only be required to respond to McAfee's Supplemental Motion, which more accurately and completely addresses

---

[4] *American Community Newspaper v. City of Plano*, 2008 WL 1827607 at *1 (E.D. Tex).
[5] *See* Declaration of Jodi Plumee, legal assistant to Martin Rose and Lynda Lee Weaver, attached hereto as Exhibit A.
[6] *Id.*
[7] *Id.*
[8] *See* Declaration of Lynda Lee Weaver, attached hereto as Exhibit B.
[9] *Id.*

the points already raised by Defendant in its Motion to Dismiss. Although there is no substantial impact on the judicial proceedings if McAfee is allowed a few extra days to respond to Defendant's Motion, both the potential impact and the prejudice to McAfee is extreme if it is not allowed to file a supplemental response.

11. The Motion at issue is a Motion to Dismiss - the Court's ruling on the Motion will define the parameters of this case and the potential claims McAfee is allowed to pursue in its effort to rectify a $12 million overbilling scheme. McAfee would be extremely prejudiced if its claims are dismissed solely because excusable neglect on its part prevents the Court from weighing all the facts and law which McAfee could put forth in a full and complete response to the Motion to Dismiss.

12. Moreover, in the absence of evidence to the contrary, the Court should rely on the sworn statement of McAfee's counsel and paralegal to explain how this Response simply went uncalendared.[10] Other circumstances surrounding the filing of McAfee's Response also lend credibility to McAfee's explanation of the circumstances surrounding this filing. Specifically, Defendant also filed a Motion to Strike McAfee's Second Amended Complaint on the same day it filed its Motion to Dismiss, and McAfee's response to that motion was also due on June 24, 2008. The Motion to Strike suffered the same calendaring fate as the Motion to Dismiss, and both motions were discovered at the same time on the evening of June 24, 2008.[11]

13. McAfee only had time to draft a response to one of the motions on the evening of May 24, 2008, and was able to obtain an extension of time from Defendant's counsel to respond to the Motion to Strike. McAfee filed an Unopposed Motion for Leave to file a late response to the Motion to Strike, and filed its response to that Motion on June 26, 2008. In response to both

---

[10] *Roth v. Mims*, 2003 WL 21739007 at *1(N.D.Tex. 2003), not reported in F.Supp.2d.
[11] *See* Exhibit B: Declaration of Lynda Lee Weaver

of Defendant's Motions, and to address issues raised in the motions, McAfee also filed a Motion for Leave to File its Third Amended Complaint on June 26, 2008. All of these actions were brought to a head upon McAfee's late discovery on June 24, 2008, that both of Defendant's motions had been previously filed.[12]

14. McAfee has acted in good faith and explained an unusual and unfortunate circumstance where a response deadline did not get properly calendared simply because different people in the office thought another was calendaring the date. McAfee's neglect is unfortunate, but certainly excusable. Because the Motion to Dismiss is an important motion that will define the parameters of this case and determine the outcome of many of McAfee's claims, McAfee requests that the Court grant it leave to file a supplemental response that adequately and completely addresses the issues raised in Defendant's Motion to Dismiss.

**B. In The Interest of Justice, the Court Should Allow McAfee to File a Supplemental Motion to Dismiss, and Consider McAfee's Supplemental Motion Before Dismissing McAfee's Claims**

15. Even if McAfee has not demonstrated excusable neglect, the Court should allow McAfee to fully and completely respond to Defendant's Motion before dismissing McAfee's claims. In deciding whether to grant a Plaintiff's motion for leave to file a response to Defendant's motion to dismiss, the Northern District granted that leave "out of an abundance of caution and a preference for determining substantive issues on the basis of a full hearing of both parties."[13] Similarly, the Southern District, even though it found no excusable neglect, considered Plaintiff's response to a motion for summary judgment "in the interest of justice."[14]

16. Although McAfee has demonstrated excusable neglect in this case, the Court, in the interest of justice and showing a preference for determining substantive issues on the basis of

---

[12] *Id.*
[13] *Stangel v. Fetterly & Gordon, P.A.*, 2001 WL 671466 (N.D.Tex. 2001) not reported in F.Supp.2d.
[14] *Chadwell v. Nueces County, TX* , 2006 WL 3053487 (S.D.Tex 2006), not reported in F.Supp.2d.

a full hearing by both parties, should grant McAfee leave to file a complete and adequate response to Defendant's Motion before dismissing the claims McAfee has brought in this case.

**Conclusion and Request for Relief**

McAfee requests that the Court grant its Motion for Leave to File a Supplemental Response to Defendant's Motion to Dismiss. The Response currently filed by McAfee was drafted hours before the deadline to file the Response, and does not adequately and completely address all of the issues raised in Defendant's Motion to Dismiss.

Because McAfee's initial Response was filed under circumstances of excusable neglect, and because the Court should consider a full and complete response by McAfee's claims, McAfee respectfully requests that the Court grant McAfee's Motion for Leave to File Supplemental Response to Defendant's Motion to Dismiss

Respectfully submitted,

**Dated: June 27, 2008**

*/s/ Martin E. Rose*
Martin E. Rose
Texas State Bar No. 17253100
**Attorney-In-Charge**

Lynda Lee Weaver
State Bar No. 21010680
Kevin A. Koudelka
State Bar No. 24025971
Of Counsel

**ROSE•WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
(214) 752-8600 phone
(214) 752-8700 fax
mrose@rosewalker.com
lweaver@rosewalker.com
kkoudelka@rosewalker.com

and

Joe Kendall
State Bar No. 11260700
**PROVOST UMPHREY LLP**
3232 McKinney Ave., Ste. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Fax: (214) 744-3015
jkendall@provostumphrey.com

**ATTORNEYS FOR PLAINTIFF MCAFEE, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to the Federal Rules of Civil Procedure a true and correct copy of the above and foregoing was forwarded to all counsel of record on this 27th day of June, 2008.

Paul Yetter
YETTER & WARDEN
Two Houston Center
909 Fannin, Suite 3600
Houston, TX 77010
Phone: 713.632.8000
Fax: 713-632-8002
pyetter@yetterwarden.com

*/s/ Martin E. Rose*
Martin E. Rose