UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MCAFEE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-160 |
| | § | |
| WILMER CUTLER PICKERING | § | |
| HALE AND DORR LLP, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT WILMER CUTLER PICKERING HALE AND DORR LLP'S
SUR-REPLY TO MOTION FOR LEAVE TO FILE SUPPLEMENTAL RESPONSE**

McAfee asks for leave to file a second response to a motion that it otherwise insists is "frivolous," "incredible," "warped," "desperate," "astonishing," "absurd," and "like a house built on a bad foundation." Resp. to Mot. to Dismiss (Dkt. #11) at 2, 5, 6, 8. Regardless whether McAfee has any need to file two briefs, its arguments as to why it should be granted leave to do so ignore the admitted facts, the Rules, and the standard for excusable neglect.

A. **A party is entitled to one response.** McAfee's assertion that the local rules have no limits, Reply (Dkt. #22) ¶ 4, is simply wrong. Rule 7(d) says that "the response" must be "contained in one document," and Rule 7(e) mandates that this "one document" be filed within twelve days of the motion being responded to. These provisions limit a party to a single response brief. McAfee has already filed the one response allowed by the Rules.

B. **The Response was untimely.** McAfee asserts that its June 24 Response to the motion to dismiss was timely filed. Reply ¶ 3. The Rules are clear: service by hand means a party does *not* get three extra days to file its response. *See* Fed. R. Civ. P. 6(d); Local Rule 7(e). Indeed, Local Rule 7(e) makes it plain that McAfee is not entitled to extra time: "*Except for* motions served under Fed. R. Civ. P. 5(b)(2)(A) [e.g., by hand], three days shall be

added." It is undisputed that the motions to dismiss and to strike were hand-served on McAfee's lead counsel on June 9. McAfee's responses were due on June 23, and it filed its Response late. While WilmerHale does not ask the Court to find McAfee in default, it respectfully submits that McAfee ought to be held at least to substantial compliance with the Rules.

      **C.    McAfee's explanation does not amount to excusable neglect.** McAfee insists that it "discovered" the motions to dismiss and to strike on June 24. Reply ¶¶ 1, 9. But choosing not to read one's mail does not qualify as excusable neglect. It is undisputed that McAfee got *actual* notice of both motions on the day they were filed, June 9. McAfee's lead counsel and four of his colleagues received ECF notice by email within minutes of the filings. Then its lead counsel was served (again) by hand that same day, at 3:50 p.m. (Exh. 1), with the motions. McAfee has not provided a single affidavit from a lawyer who received the materials, to attest to what the lawyer did with the notice that was concededly provided. But that is not the only respect in which McAfee's account is materially incomplete.

      WilmerHale's motion to dismiss did not simply arrive unannounced on June 9. McAfee's counsel negotiated and agreed to the June 9 response date weeks earlier. (Exh. 2) Four of its attorneys, including lead counsel, were on the emails agreeing to WilmerHale's June 9 response date. After that, WilmerHale called McAfee about its motions ahead of time, on Friday, June 6. WilmerHale said it would be filing a substantial motion to dismiss on June 9 and asked if McAfee would oppose a request to exceed slightly the 30-page limit for dispositive motions. *See* Decl. of Shawn Bates (Exh. 3) ¶ 2. WilmerHale also said it would be filing a motion to strike the Second Amended Complaint on June 9 and asked whether McAfee would oppose the motion. *Id*. McAfee responded the same day, and it opposed both the motion to strike and a possible motion to exceed page limits on the motion to dismiss. *Id.*

McAfee knew that an answer or motion to dismiss was due on June 9, the day of filing. Had it been under the impression that nothing was filed on the due date, one would have expected to see a letter or email from it noting the default. Instead, McAfee first contacted WilmerHale more than two weeks later, after McAfee already had defaulted on its own response. McAfee now cites a case where a court clerk misinformed counsel, *American Community Newspapers, LLC v. Plano*, 2008 WL 1827606, *1 (E.D. Tex. 2008), but none of McAfee's counsel who negotiated the response date or were served by hand and email offer anything more than the suggestion that this was all the fault of a paralegal who works for them. Similarly, McAfee relies on *Produce Alliance LLC v. Fresh Am. Corp.*, 2003 WL 21554513, *3 (N.D. Tex. 2003), but there the issue was whether the court should permit a creditor, who first learned of an action by a notice sent only to a non-lawyer, to intervene and assert its rights.

Here, McAfee's **lawyers** knew about the case, knew about the date, and knew the motions were coming, and they received four e-copies and a hard copy of the pleadings. Their failure to respond cannot be excused by blaming their staff. "[I]f response deadlines are to have any meaning, they cannot be ignored or forgiven if counsel simply forgets to calendar a deadline." *Parra v. Markel Int'l Ins. Co.,* 2007 WL 2363011, at *1-2 (S.D. Tex. 2007).

     **D.**    **WilmerHale is prejudiced by the inexcusable delay.** Finally, McAfee's repeated assertion that WilmerHale is not prejudiced by a delay in responding to the motion to dismiss ignores the content of three other pleadings -- the three Complaints. McAfee publicly has accused WilmerHale of the worst conduct one can find in a civil action -- fraud and theft. No less than any other defendant, WilmerHale has a compelling interest in having these claims scrutinized by the Court and, if appropriate, dismissed at the earliest possible time. McAfee's assertion that a law firm, like anyone else whose livelihood depends on his or her good name, is

not "prejudiced" by inexcusable delays in resolving false charges reflects only the casual manner in which it has approached its obligations to the Court.

For these reasons, as well as those stated in its Response, WilmerHale respectfully requests that this Court deny McAfee's Amended Motion for Leave to File a Supplemental Response to the Motion to Dismiss.

Dated: July 1, 2008                  Respectfully submitted,

Of Counsel:

                                         */s/ R. Paul Yetter*

| | |
|---|---|
| Shawn M. Bates | R. Paul Yetter |
| State Bar No. 24027287 | State Bar No. 22154700 |
| Yetter, Warden & Coleman, L.L.P. | Yetter, Warden & Coleman, L.L.P. |
| 909 Fannin, Suite 3600 | 909 Fannin, Suite 3600 |
| Houston, Texas 77010 | Houston, Texas 77010 |
| (713) 732-8000 | (713) 732-8000 |
| (713) 632-8002 (Fax) | (713) 632-8002 (Fax) |
| | |
| Gerson A. Zweifach | Attorney-in-Charge for Defendant Wilmer |
| Williams & Connolly LLP | Cutler Pickering Hale and Dorr LLP |
| 725 Twelfth St., N.W. | |
| Washington, D.C. 20005 | |
| 202-434-5534 | |
| 202-434-5029 (Fax) | |

**Certificate of Service**

I certify on this 1st day of July, 2008, a true copy of this motion was filed and served electronically on all counsel of record by e-filing, hand delivery, facsimile, and/or certified mail/return receipt requested.

                                         */s/ Shawn M. Bates*
                                         Shawn M. Bates