UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MCAFEE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-160 |
| | § | |
| WILMER CULTER PICKERING | § | |
| HALE AND DORR, LLP, | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S
<u>MOTION TO DISMISS UNDER RULES 12(b)(1), (3), (6), (7), AND 9(b)</u>**

McAfee, Inc. ("McAfee") serves its supplemental response to Defendant Wilmer Cutler Pickering Hale and Dorr, LLP's ("Wilmer Hale") Motion to Dismiss Under Rules 12(b)(1), (3), (6) (7), and 9(b).

<u>**SUMMARY OF SUPPLEMENTAL RESPONSE**</u>

Wilmer Hale's motion to dismiss is based upon facts that do not exist, and case law that does not apply. Despite Wilmer Hale's attempts to convince this Court otherwise, McAfee's claims are not moot, are not subject to a forum selection clause, and are not insufficiently plead. Wilmer Hale's motion to dismiss should therefore be denied.

**A.   This case does not arise out of the indemnity agreement, and the issues involved in the Delaware lawsuit are not even remotely similar to those involved here.**

Wilmer Hale's motion to dismiss is based almost entirely upon two assumptions: (1) that the Indemnity Agreement between McAfee and Goyal is central to this case; and (2) that the Delaware lawsuit addresses the same issues involved in this case. These assumptions are faulty, and as such, Wilmer Hale's motion must be denied.

**1. This case does not arise out of the Indemnity Agreement.**

The Indemnity Agreement is a contract entered into on April 18, 1996 between McAfee and Prabhat Goyal ("Goyal"). (Ex. 1, Indemnity Agreement). Among other things, the agreement sets out McAfee's obligation to advance expenses in defense of Goyal, and the circumstances under which McAfee can recoup the expenses it advanced. (Ex. 1 at §§ 4(a), 6). McAfee and Goyal are the only signatories to the agreement. Wilmer Hale is not a party to the agreement, nor was its existence even contemplated when the agreement was signed.

McAfee's claims in this lawsuit do not challenge any provision of the Indemnity Agreement. Nor is McAfee seeking to adjudicate its rights and responsibilities with respect to Goyal. Instead, this is a tort case—McAfee seeks to recover damages that resulted from Wilmer Hale's tortious conduct in overbilling McAfee for millions of dollars in legal fees. (Complaint at ¶¶ 5-33).[1]

In other words, the determination of McAfee's claims do not rest upon the Indemnity Agreement *at all*. The only issue involved in this case is whether Wilmer Hale tortiously overbilled McAfee—the determination of which does not rest upon the Indemnity Agreement. Wilmer Hale's motion to dismiss should therefore be denied.

**2. The Delaware proceeding involves issues related to the Indemnity Agreement, and has nothing to do with this case.**

As the transcript upon which Wilmer Hale relies makes clear, the Delaware action is an advancement proceeding. (Ex. 2, Delaware Transcript at 3). The scope of an advancement proceeding is summary in nature, and is limited to determining the issue of entitlement in accordance with the corporation's own uniquely-crafted advancement provisions. *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 213 (Del. 2005).

---

[1] Citations to the Complaint are to McAfee's current live pleading, its Third Amended Complaint.

If Goyal's defense is ultimately unsuccessful, then McAfee would also be entitled to pursue a recoupment action in Delaware based upon the Indemnity Agreement. (Ex. 1 at § 6). But the potential existence of its recoupment claim has no effect on McAfee's claims here. Indeed, the opposite is true—Goyal will *benefit* from any recovery that McAfee obtains from Wilmer Hale because he will have to pay McAfee less money in recoupment.

Even the Delaware judge recognized that the Texas action is independent from the Delaware action: "[T]here really isn't a claim against [Goyal] the plaintiff in this case in Texas." (Ex. 2 at 16). Wilmer Hale brushes this off by stating that the judge was "misled" by McAfee. (Motion at 9). On the contrary, the only one that "misled" the trial judge was Goyal's counsel— who told the judge that "McAfee is pushing its recoupment claims in Texas." (Ex. 2 at 12). Despite this blatant misrepresentation, the learned Delaware judge recognized that the Texas action does not involve the same parties or issues as the Delaware action.

Wilmer Hale's baseless arguments aside, it is clear that the Delaware lawsuit involves parties and issues that are not involved here. Wilmer Hale's motion to dismiss should therefore be denied.

**B.     McAfee's claims against Wilmer Hale are ripe because it has already been substantially damaged by Wilmer Hale's greed.**

**1.     McAfee's claims against Wilmer Hale are ripe regardless of any outstanding issues between McAfee and Goyal.**

Wilmer Hale tries desperately to make it appear as though McAfee's comments to the Delaware court somehow affect the ripeness of its claims here. (Motion at 10-11). Wilmer Hale's efforts are futile.

As explained above, the Delaware case is an advancement proceeding. (Ex. 2 at 16). As the hearing transcript upon which Wilmer Hale relies makes clear, the only "contingent" and

"unripe" issues in that case are the *contractual issues* between McAfee and Goyal. (Ex. 2 at 16-17). The Delaware court also recognized that those claims are not at issue in the Texas case. (Ex. 2 at 16).

Here, on the other hand, McAfee has alleged claims to collect funds Wilmer Hale *has already* defrauded it of. (Complaint at ¶¶5-10). There is obviously nothing "contingent" or "unripe" about McAfee's claims.

Wilmer Hale also attempts to characterize this lawsuit as involving the same "reasonableness" of fees issue as the one that could potentially be involved in the Delaware lawsuit. The issues are not even remotely the same. The "reasonableness" issue in Delaware arises out of the Indemnity Agreement. Under the Indemnity Agreement, Goyal is entitled to indemnity for the fees and expenses "reasonably incurred by him" in connection with his "successful defense." (Ex. 1 at § 4(a). Those issues are not yet ripe because the issue of whether Goyal's expenses are reasonable only arises if Goyal's defense is *unsuccessful*. (Ex. 1 at § 4(a).

Here, on the other hand, the issue is whether Wilmer Hale engaged in tortious conduct when it billed and received payment from McAfee for more than $12 million in a single-defendant criminal case with no parallel civil litigation. (Complaint at ¶¶ 5-33). There can be no question that these issues are already ripe, as Wilmer Hale has already engaged in—and McAfee has already been damaged by—the allegedly tortious conduct.

Equally important, this case is not about whether Wilmer Hale's fees are *reasonable*. Indeed, there is little doubt the fees were *unreasonable*—Wilmer Hale billed more than $12 million for over 100 timekeepers in a single-defendant criminal case with no parallel civil litigation. (Complaint at ¶¶ 5-6).

Instead, the issue here is whether Wilmer Hale tortiously billed McAfee for fees to which it was not entitled. (Complaint at ¶¶ 11-33). In other words, the reasonableness of Wilmer Hale's bills is not at issue—the tortiousness of its conduct is. As such, McAfee's claims are ripe, and Wilmer Hale's motion to dismiss should be denied.

### 2. McAfee's claims are not contingent upon "uncertain future events."

Wilmer Hale also argues that McAfee's claims are not ripe because they are based upon "uncertain future events"—namely, the outcome of Goyal's appeal. (Motion at 10-11). But as explained above, while McAfee's *recoupment* claim against *Goyal* is unripe because it is based upon "uncertain future events," its *tort* claims against Wilmer Hale are unquestionably ripe.

Wilmer Hale also argues that McAfee's reliance upon the doctrine of equitable subrogation "confirm[s]" that McAfee's claims are not ripe. (Motion at 12). While McAfee disputes this argument, the issue is now moot because McAfee's live pleading does not allege equitable subrogation. Wilmer Hale's motion to dismiss should therefore be denied.

Finally, Wilmer Hale makes the rather curious argument that this case is not ripe because McAfee may be able to recover from Goyal the fees Wilmer Hale fraudulently billed. (Motion at 12). To the contrary, the fact that McAfee may have a contingent future right to recoupment against Goyal actually underscores the importance of deciding McAfee's claims against Wilmer Hale now. The amount of money that Wilmer Hale tortiously obtained from McAfee needs to be determined now, so that in the event that McAfee is entitled to recoupment from Goyal, both Goyal and McAfee will know the exact amount subject to recoupment. In other words, Goyal will *benefit* from any recovery in this case. Thus, the contingency of the issues between McAfee and Goyal have absolutely no effect on the ripeness of McAfee's claims against Wilmer Hale. Wilmer Hale's motion to dismiss should therefore be denied.

**C.     Wilmer Hale cannot rely upon the Indemnity Agreement's forum selection clause.**

To prevail on its attempt to invoke the Indemnity Agreement's forum selection clause, Wilmer Hale would have to establish: (1) that it is entitled to rely upon the forum selection clause even though it was not a party to the contract containing the clause; and (2) McAfee's claims fall within that clause. In an attempt to hide its Achilles Heel, Wilmer Hale reverses the order of analysis. McAfee will decline Wilmer Hale's invitation to confuse the issues, and will instead address Wilmer Hale's biggest logical flaw first.

**1.     Wilmer Hale is not entitled to enforce the forum selection clause.**

There is no dispute that Wilmer Hale is attempting to rely upon a forum selection clause contained in a contract to which it is not a party. (Ex. 1). Nevertheless, Wilmer Hale claims it is entitled to rely upon the forum selection clause because it is a "transaction participant." But as the caselaw upon which Wilmer Hale relies makes clear, this argument is simply frivolous.

Wilmer Hale relies primarily upon *Accelerated Christian Educ'n, Inc. v. Oracle Corp.*, 925 S.W.2d 66, 75 (Tex. App.—Dallas 1996), *abrogated by In re AIU Ins. Co.*, 148 S.W.3d 109, 116, 121 (Tex. 2004) to argue that, as Goyal's attorney, it was a "transaction participant" to the Indemnity Agreement. (Motion at 16). Wilmer Hale's argument is nonsense.

*Accelerated Christian* addressed the limited issue of whether a company's *employee* could rely upon a forum selection clause in a contract between the company and a third party. *Id*. at 75. The employee was the company's regional sales manager responsible for facilitating the agreement containing the forum selection clause between the company and the third party. *Id*. at 69. The court held that he could enforce the clause because he was a "transaction participant" and the claims against him arose out of the contract. *Id*. at 75. What Wilmer Hale conveniently

forgets to tell this Court is that the *Accelerated Christian* court went on to provide a definition of "transaction participant" into which Wilmer Hale clearly does not fall:

> By transaction participant, we mean *an employee* of one of the contracting parties *who is individually named* by another contracting party *in a suit arising out of the contract* containing the forum selection clause. To hold otherwise would allow a *nonsignatory employee*, who was a transaction participant, to defeat his company's agreed-to forum by refusing to be bound by the employer's contract.

*Id.* at 75 (emphasis added).

As *Accelerated Christian* makes clear, the term "transaction participant" is limited to employees who actually "participated" in the "transaction" culminating in the contract containing the forum selection clause, and are sued in their individual capacity in a suit *arising out of that contract*. Here, there is no dispute that: (1) Wilmer Hale was not an "employee" of Goyal or McAfee; and (2) Wilmer Hale did not "participate" in the "transaction" culminating in the Indemnity Agreement; and (3) Wilmer Hale is not being sued for any claim "arising out of" the Indemnity Agreement. Wilmer Hale's reliance upon *Accelerated Christian* is therefore woefully misplaced.[2]

Nor is McAfee "equitably estopped" from resisting application of the forum selection clause. McAfee's claims are not at all dependent upon the Indemnity Agreement's subrogation clause—indeed, McAfee's live pleading does not even contain a claim based on equitable subrogation. Even if it did, the fact that McAfee is subrogated to Goyal's rights under the Indemnity Agreement is an issue between McAfee and Goyal, and does not meaningfully implicate Wilmer Hale *at all*. As such, Wilmer Hale's equitable estoppel argument fails.

---

[2] The caselaw Wilmer Hale cites in footnote 12 of its motion as support for its "transaction participant" argument is equally inapplicable. In three of the four cases, the court enforced the forum selection clause because the nonsignatories were participants *to the transaction in which the contract containing the forum selection clause was executed. Texas Source Group, Inc. v. CCH, Inc.*, 967 F.Supp. 234, 237 (S.D. Tex. 1997); *Brock v. Entre Computer Centers, Inc.*, 740 F.Supp. 428, 430-31 (E. D. Tex. 1990); *Clinton v. Janger*, 583 F.Supp. 284, 290 (N.D. Ill. 1984). In the other, the clause was enforced because the nonsignatory was alleged to be liable under theories of alter ego and single business enterprise. *Alternate Delivery Sol., Inc. v. R.R. Donnelly & Sons Co.*, 2005 WL 1862631, at *15-16 (W.D. Tex. July 8, 2005). None of these circumstances are present here.

In sum, Wilmer Hale is not a signatory to the Indemnity Agreement, and was not a participant to the transaction in which the Indemnity Agreement was executed. It therefore cannot rely upon the forum selection clause in that agreement, and its motion to dismiss must therefore be denied.

2. **Even if Wilmer Hale could rely upon the forum selection clause, which it cannot, the clause would still not apply because McAfee's claims do not arise out of the Indemnity Agreement.**

Wilmer Hale argues that McAfee's claims against it "arise out of the contractual relationship" because they "depend upon the allegation that Wilmer Hale induced McAfee to advance expenses to Goyal that were "unreasonable." Even a cursory review of the support upon which Wilmer Hale relies makes clear that Wilmer Hale's argument must be rejected.

First, Wilmer Hale's reliance upon *Aerus LLC v. Pro Team, Inc*., 2005 WL 1131093, at *7 (N.D. Tex. May 9, 2005) is misplaced. The "relevant language at issue" in *Aerus* was "In the event either Party asserts a breach or default by the other under the terms of this Agreement, the jurisdiction, venue, and applicable law shall be [the] City of San Diego, California." *Id*. at *8. This language is not even remotely similar to that in the Indemnity Agreement at issue here.

More importantly, McAfee's claims are not "instituted under" and do not "relate to" the Indemnity Agreement. (Motion at 14). McAfee's claims are based entirely upon the fact that Wilmer Hale unleashed 50 lawyers, 10 legal assistants and 49 staff personnel to bill *for five years* in the criminal defense of *one defendant*. (Complaint at ¶¶ 5-10). All of McAfee's claims arise out of these actions—and *none of the claims "arise out of"* or "*implicate*" the Indemnity Agreement. (Complaint at ¶¶ 11-33).

Accordingly, even if Wilmer Hale could rely upon the forum selection clause, which it cannot, it still would not be entitled to dismissal based thereon. Wilmer Hale's motion to dismiss should therefore be denied.

**D.    Goyal is not an indispensible party.**

**1.    Despite Wilmer Hale's attempts to rely upon clearly inapplicable caselaw, Goyal is clearly not an indispensible party.**

Every one of Wilmer Hale's contentions that Goyal is somehow necessary to this case is based on the Indemnity Agreement. Wilmer Hale argues that Goyal "claims an interest in the subject of this litigation" by alleging that the subject of the litigation is the Indemnity Agreement, and cites cases where a party to an agreement is indispensable to a lawsuit seeking to rescind, annul, or interpret that agreement. It next argues McAfee's ability to pursue its tort claims against Wilmer Hale somehow depend on an interpretation of the Indemnity Agreement. Finally, it argues that Goyal cannot be joined because venue - under the Indemnity Agreement - is improper here. In support of these arguments, Wilmer Hale relies only on cases holding dismissal is required when all clients are not joined in a legal malpractice case, or when all obligees on a contract are not joined in a case litigating the contract. Despite Wilmer Hale's dogged efforts to construe it as such, this is neither a legal malpractice case, nor a contract case – Wilmer Hale's alleged authority is simply inapplicable here.

This lawsuit is McAfee's effort to recoup fees which were fraudulently overbilled by Wilmer Hale and recover damages based on fraudulent billing for legal services that were never performed. The case is not based on the Indemnity Agreement between McAfee and Goyal, and has nothing to do with that Agreement. Even if Goyal is necessary to some lawsuit based on the Indemnity Agreement, he is still not a necessary party *to this case*, because *this case is not based on the Indemnity Agreement*. McAfee has sued Wilmer Hale for torts committed in Texas which

are in no way dependent on anyone's interpretation of any agreement, and Wilmer Hale cites no authority to suggest otherwise.

The inapplicability of Federal Rule of Civil Procedure 19 to this case is evident when Wilmer Hale tries to make its arguments fit within the parameters of Federal Rule of Civil Procedure 19(b). Every one of the factors set out in that Rule is concerned with whether a judgment rendered in Goyal's absence would somehow prejudice him or the parties, or be inadequate. Any judgment entered in this case will adjudicate the tort liability of Wilmer Hale. The Court does not need to join Goyal to this case to determine whether Wilmer Hale negligently breached a duty owed to McAfee, whether it committed fraud against McAfee, and whether it stole McAfee's money. Goyal may very well be a witness in this case, and a protective order may be appropriate to preserve confidences contained in the bills (which have already been sent to McAfee) but being a fact witness in this case is a far cry from being an indispensable party without whom this case cannot proceed.

**2. Even if Goyal were an indispensable party, this case should still proceed.**

Even if Goyal were an indispensable party who cannot be joined in this case, and this case is forced to fit within the inapplicable parameters of Federal Rule of Civil Procedure 19(b), any application of those factors mandates that this case go forward without Goyal.

Goyal will not be prejudiced if the case proceeds without him, and he does not need to be present to protect any interests he may have in the outcome of this litigation. Goyal's interests will be protected by McAfee and Wilmer Hale because, on the only real issue in this lawsuit – whether Wilmer Hale owes McAfee money for fees that were fraudulently billed - the interests of Goyal and McAfee are exactly aligned. To the extent McAfee reduces the amount of Wilmer Hale's bills, that results in a reduction of any amounts Goyal may owe to McAfee to

reimburse it for Goyal's defense costs.  The interests of Goyal and McAfee are exactly the same – they both benefit from recouping fees fraudulently obtained by Wilmer Hale.

Likewise, McAfee can only presume that this dispute between Wilmer Hale and McAfee will in no way alter the relationship between Goyal and Wilmer Hale in the unrelated criminal matter.  McAfee would never, and surely Wilmer Hale can not be heard to, argue that Wilmer Hale would somehow turn its back on Goyal in the critical sentencing phase following his conviction, just because Wilmer Hale finds itself in a dispute with Goyal's former employer.

**E.     No attorney-client relationship is required to bring negligence-based claims.**

Wilmer Hale argues that McAfee's claims of negligence, gross-negligence, and breach of fiduciary duty must all be dismissed because there is no attorney-client relationship between McAfee and Wilmer-Hale.  Again, despite Wilmer Hale's continued representations to the Court, *McAfee is not suing Wilmer-Hale for legal malpractice*.  Rather, as explained throughout this Motion, McAfee is suing Wilmer Hale for torts committed by Wilmer Hale against McAfee – and no attorney-client relationship is required to maintain those claims.

In fact, in the *McCamish* case relied on by Wilmer Hale, the Texas Supreme Court expressly rejected Defendant's argument that the privity rule required in a legal malpractice case applied to all negligence-based causes of action, and expressly allowed a cause of action for negligent misrepresentation against an attorney by a non-client – regardless of privity – because liability under that claim "is not based on the breach of duty a professional owes his or her clients or others in privity, but on an independent duty to the nonclient," recognizing that "an

attorney can be subject to a negligent misrepresentation claim in a case where she is not subject to a legal malpractice case."[3]

Wilmer Hale owed McAfee an independent duty to use ordinary care in reviewing, editing, and entering time charged for their legal services, and monitoring the actions of time-keepers to ensure that all time billed to the case was actually worked on the case. The breach of this duty, and the intentional and knowing failure to honor that duty, makes Wilmer Hale liable for negligence and gross negligence. No attorney client relationship is required to bring those claims, and Wilmer Hale's Motion to Dismiss those claims should be denied.

**F.     An attorney-client relationship is not required to establish a fiduciary duty.**

Wilmer Hale also relies on the fact that there is no attorney-client relationship between McAfee and Wilmer Hale to allege that Wilmer Hale can never owe any fiduciary duty to McAfee.[4] Again, Wilmer Hale misses the point. Texas law is clear that, in addition to the traditional, formal relationships that give rise to a fiduciary duty (like an attorney-client relationship) "informal fiduciary relationships or confidential relationships may arise where one person in trust relies upon another or where influence has been acquired and abused or confidence has been reposed or betrayed." [5] In this case, McAfee clearly trusted the fine and upstanding law-firm of Wilmer Hale when it claimed that the enormous amount of work and fees were necessary to preserve the liberty of its employee. Wilmer Hale abused that influence and

---

[3] *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 792 (Tex. 1998). The other three cases cited by Wilmer Hale for this proposition all either expressly recognize a negligence-based cause of action by a non-client against an attorney, or are distinguished by other cases that do.

[4] Although Defendant relies on *Safeway Managing Agency, Inc. v. Clark & Gamble*, 985 S.W. 2d 166, 168 (Tex. App.—San Antonio 1998, no pet.) for this proposition, the *Safeway* Court actually rejected the argument that an attorney-client relationship was required, refusing to dismiss claims for fraud, conspiracy, breach of contract, and breach of warranty because those claims were not based on an attorney-client relationship, and the court would not presume that they were.

[5] *Querner v. Rindfuss*, 966 S.W.2d 661, 667 (Tex. App.—San Antonio 1998, pet. denied).

betrayed that confidence. McAfee is entitled to bring, and had properly pled, a cause of action for breach of fiduciary duty.

**G. McAfee's fraud claims are plead with sufficient particularity, and in any event the issue is now moot.**

As McAfee explained in its response, its fraud claims were pled with sufficient specificity to satisfy the Federal Rules of Procedure. But in any event, the issue is now moot, as McAfee has amended its petition to add even more detail to its fraud claims. Accordingly, Wilmer Hale's motion to dismiss should be denied.

## CONCLUSION

For the reasons explained in McAfee's response and supplemental response to Wilmer Hale's motion to dismiss, McAfee respectfully requests that this Court deny Wilmer Hale's motion to dismiss, and for such other relief to which it is justly and equitably entitled.

Respectfully submitted,

*/s/ Martin E. Rose*
Martin E. Rose
Texas State Bar No. 17253100
**Attorney-In-Charge**

Lynda Lee Weaver
State Bar No. 21010680
Kevin A. Koudelka
State Bar No. 24025971
Of Counsel

**ROSE•WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
(214) 752-8600 phone
(214) 752-8700 fax
mrose@rosewalker.com
lweaver@rosewalker.com
kkoudelka@rosewalker.com

and

Joe Kendall
State Bar No. 11260700
**PROVOST UMPHREY LLP**
3232 McKinney Ave., Ste. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Fax: (214) 744-3015
jkendall@provostumphrey.com

**ATTORNEYS FOR PLAINTIFF MCAFEE, INC.**

## **CERTIFICATE OF SERVICE**

  I hereby certify that the following counsel of record are were served via the Court's ECF System on this the 7th day of July, 2008:

    Paul Yetter
    YETTER & WARDEN
    Two Houston Center
    909 Fannin, Suite 3600
    Houston, TX   77010
    Phone:  713.632.8000
    Fax:  713-632-8002
    pyetter@yetterwarden.com

              */s/ Martin E. Rose*
              Martin E. Rose