UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| McAFEE, INC.<br><br>    Plaintiff,<br>v.<br><br>WILMER, CUTLER, PICKERING, HALE AND DORR, L.L.P<br><br>    Defendant. | JURY REQUESTED<br><br>No. 4:08-cv-160 MHS-DDB |

### PLAINTIFF MCAFEE, INC.'S RESPONSE TO DEFENDANT'S
### NOTICE THAT PENDING MOTION TO DISMISS IS MOOT

McAfee Inc. ("McAfee") serves this Response to Defendant Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.'s ("Wilmer Hale") "notice" that its pending motion to dismiss is moot, and would respectfully show the Court as follows:

1.    Wilmer Hale served its motion to dismiss, seeking dismissal on the following grounds: (1) McAfee's claims are not ripe; (2) it is entitled to dismissal based upon a forum selection clause contained in a contract to which it is not a party; (3) Prebhat Goyal ("Goyal") is an indispensable party who cannot be joined; (4) McAfee's fraud claims are not pled with sufficient specificity; and (5) McAfee's remaining claims fail to state a claim on which relief could be granted.

2.    After Wilmer Hale filed its motion to dismiss, McAfee was granted leave to file its Third Amended Complaint. In its Third Amended Complaint, McAfee removed its equitable subrogation claim and added an assumpsit claim. It also added even more detail for its fraud claims. The remainder of the complaint was effectively unchanged.

3.    The filing of an amended pleading after a motion to dismiss has been filed does not render that motion to dismiss moot. *See, e.g., Williams v. Potter*, No. 3-07-CV1255-L, 2008

WL 1848458 (N.D. Tex. April 23, 2008); *see also* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. § 1476). Instead, the court should consider the motion in light of the amended complaint. *See, e.g., Davis v. Kroger Co.*, No. 3-07-CV-1130-L, 2008 WL 904722, at *3 (N.D. Tex. March 31, 2008).

4. Here, the substantial majority of issues Wilmer Hale raises in its motion are still applicable despite the fact that McAfee has filed an amended complaint. For example, Wilmer Hale's flawed ripeness, forum selection clause, and indispensable party arguments are still applicable despite the amendment. So, too, are its Rule (9) and 12(b)(6) arguments. Indeed, about the only thing that has changed is that Wilmer Hale's equitable subrogation arguments are now moot.

5. In sum, the filing of McAfee's Third Amended Complaint has not rendered Wilmer Hale's motion to dismiss moot. Its "notice" to the contrary should therefore be disregarded.

For these reasons, Wilmer Hale's "notice" that its motion to dismiss is now moot should be disregarded, and it should not be allowed to begin the entire motion to dismiss briefing process over.

Respectfully submitted,

*/s/ Martin E. Rose*
Martin E. Rose
State Bar No. 17253100
**Attorney-In-Charge**

Lynda Lee Weaver
State Bar No. 21010680
Kevin A. Koudelka
State Bar No. 24025971
Of Counsel

**ROSE●WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Telephone: (214) 752-8600
Fax: (214) 752-8700

**ATTORNEYS FOR PLAINTIFF**
**MCAFEE, INC.**

and

Joe Kendall
State Bar No. 11260700
Of Counsel
**PROVOST UMPHREY LLP**
3232 McKinney Ave., Ste. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Fax: (214) 744-3015

**ATTORNEYS FOR PLAINTIFF**
**MCAFEE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure a true and correct copy of the above and foregoing was forwarded to all counsel of record on this 7th day of July, 2008.

>Paul Yetter
>YETTER & WARDEN
>Two Houston Center
>909 Fannin, Suite 3600
>Houston, TX 77010
>Phone: 713.632.8000
>Fax: 713-632-8002
>pyetter@yetterwarden.com

>>*/s/ Martin E. Rose*
>>Martin E. Rose