IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| McAFEE, INC., | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:08-cv-160 |
| | § | |
| WILMER CUTLER PICKERING HALE | § | |
| AND DORR LLP | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN

1.   State where and when the conference among the parties required by Fed. R. Civ. P. 26(f) was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email address.

The Rule 26(f) conference was held via telephone on July 10, 2008 between Kevin A. Koudelka for the plaintiff and Gerson A. Zweifach and Shawn M. Bates for the defendant.

>   Kevin A. Koudelka
>   Rose Walker LLP
>   3500 Maple, Suite 900
>   Texas Bar # 24025971
>   Phone: 214-752-8600
>   Facsimile: 214-752-8700
>   kkoudelka@rosewalker.com
>
>   Gerson A. Zweifach
>   District of Columbia Bar No. 349266
>   Williams & Connolly, L.L.P.
>   725 Twelfth St., N.W.
>   Washington, D.C. 20005
>   Phone: 202-434-5534
>   Facsimile: 202-434-5029
>   gzweifach@wc.com.
>
>   Shawn M. Bates
>   Texas Bar No. 24027287
>   Yetter, Warden & Coleman, L.L.P.
>   909 Fannin, Suite 3600
>   Houston, Texas 77010
>   Phone: 713-632-8000
>   Fax: 713-632-8002
>   sbates@yetterwarden.com

2. List any related cases pending in any state or federal court. Include the case numbers, the courts, and how they are related.

McAfee - None.

WilmerHale believes there are two related cases pending: *Prabhat Goyal v. McAfee, Inc.*, No. 3736 (Del. Ch. Ct). Mr. Goyal is WilmerHale's client for whom the firm provided legal services in connection with criminal and civil litigation brought in California federal court arising out of McAfee accounting practices and restatement. Mr. Goyal filed suit in Delaware after McAfee filed this suit in Texas, without joining him and seeking a ruling that the cost of his law firm's defense work was unreasonable and that McAfee had no further duties to him under his Indemnity Agreement with McAfee. The criminal case is also related, for the foregoing reasons: *United States v. Prabhat Goyal*, No. CR-04-00201 (N.D. Cal.).

3. Briefly describe in 3 pages or less: (a) What this case is about and (b) Each claim or defense.

MacAfee - This is a fraud case. Wilmer Hale was retained to represent the legal interests of McAfee's former chief financial officer in a criminal action. Plaintiff McAfee paid for Wilmer Hale's legal services. McAfee's claims include assumpsit, fraud, theft, negligence, gross negligence, and breach of fiduciary duty.

WilmerHale - Beginning in 2002, defendant WilmerHale has represented former McAfee CFO Prabhat Goyal in connection with certain civil and criminal litigation against him, including an investigation and prosecution of him by the United States Department of Justice, relating to alleged accounting improprieties. After five years of litigation, in May 2007 Mr. Goyal was convicted of certain counts of a multi-count securities fraud indictment. His sentencing is set for September 2008 and his appeal will follow. WilmerHale will represent Goyal through sentencing and appeal.

From the start of WilmerHale's representation of Goyal in 2002 until late 2007, McAfee advanced Mr. Goyal's defense costs pursuant to a 1996 Indemnity Agreement between Goyal and McAfee. McAfee paid the defense costs incurred by Goyal, after he reviewed and certified the invoices as reasonable and justified, directly to WilmerHale. In October 2007, McAfee ceased making those payments, although it recently resumed the payments after Goyal filed suit against McAfee in Delaware.

In April 2008, McAfee filed this lawsuit in Texas state court, alleging that WilmerHale incurred unreasonable legal fees and expenses while defending Goyal and that

it committed fraud in so doing. McAfee asks the Court to order WilmerHale to repay to McAfee over $6 million of the over $12 million expended from 2002 to present on Goyal's civil and criminal defense. McAfee alleges that it did not discover the unreasonable charges until a recent review of WilmerHale's invoices by the outside legal audit firm Legal Cost Control, Inc. WilmerHale maintains that its defense of Goyal has been reasonable and necessary, that it has kept Goyal and McAfee informed as to the costs of Goyal's defense with the issuance of every monthly invoice, and that its invoices were not more detailed specifically to prevent disclosure of confidential Goyal litigation communications and strategies.

McAfee's claims include assumpsit, fraud, theft, negligence, gross negligence, and breach of fiduciary duty.

WilmerHale has asserted certain legal defenses, including the following: (1) The fraud and theft allegations must be dismissed for failure to comply with Rule 9(b); (2) The case must be dismissed under Rule 12(b)(1) because it is not ripe; (3) This case must be dismissed under Rules 12(b)(1) and (3) because, pursuant to the Indemnity Agreement between Goyal and McAfee, it can only brought in Delaware; (4) This case must be dismissed under Rule 12(b)(7) because McAfee has not joined an indispensable party -- Goyal; and (5) McAfee is owed no duty by WilmerHale and cannot make claims of negligence or fiduciary breach, mandating dismissal under Rule 12(b)(6).

4. Specify the basis of federal jurisdiction.

   Diversity of Citizenship.

5. Identify the parties who disagree with plaintiff's jurisdictional allegations and state the reasons for disagreement.

   McAfee does not disagree with the removal.

   WilmerHale agrees that removal of this matter was proper based on diversity. However, WilmerHale does contest subject-matter jurisdiction, on grounds of ripeness (because all of the fees at issue were advances only and may be recovered from Goyal if his conviction is affirmed), and asks the Court to enforce the valid forum selection clause contained in the indemnity agreement between McAfee and Mr. Goyal, pursuant to which the legal fees in question were incurred by Mr. Goyal and paid to WilmerHale by McAfee.

6. List anticipated additional parties that may be included, when they might be added and by whom.

   None.

7. List anticipated intervenors.

   None.

8. Describe any class-action or collective-action issues.

   None.

9. State whether the parties are exempt from initial disclosures under Rule 26(a)(1)(E).

   No.

10. State whether each party represents that it has made the initial disclosures required by Rule 26(a)(1). If not, describe the arrangements that have been made to complete the disclosures.

    McAfee - No. Initial disclosures will be exchanged on August 11, 2008 per the Court's Scheduling Order.

    WilmerHale - WilmerHale believes that initial disclosures (and discovery) are premature until such time as the Court has ruled on WilmerHale's Motion to Dismiss Third Amended Complaint.

11. Describe the proposed discovery/case management plan, including.

    a.  In accordance with Rule 26(f)

        (1) Any changes that should be made in the timing, form, or requirement for disclosures under Rule 26(f)

            McAfee - None.

            WilmerHale - WilmerHale believes that initial disclosures (and discovery) are premature until such time as the Court has ruled on WilmerHale's Motion to Dismiss the Third Amended Complaint, and therefore suggests that initial disclosures be made 14 days after such ruling.

        (2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on limited issues.

            McAfee will need discovery on the following subjects: Billing issues, number of time keepers, activities charged for, reasonableness and justification of billed hours, fees charged for similar cases, fees charged to similar clients, attorney qualifications and experience, attorney compensation and communications between attorneys working on case.

            WilmerHale will need discovery on at least the following subjects: McAfee's review and payment of WilmerHale's invoices; the work done by Legal Cost Control Inc.; the arrangements and agreements between McAfee and Mr. Goyal with regard to advancement and indemnification; McAfee's review, payment, positions, and practices concerning bills in other legal representations either

directly or for which it has or had advancement or indemnification obligations.

(3) Any issues relating to disclosure and discovery of electronically stored information (ESI), including the form(s) in which it should be produced.

None at this time.

(4) The steps already taken or that will be taken for preserving discoverable information, including ESI.

Plaintiff will maintain an electronic database preserving all ESI known to be at issue.

At the start of this matter, WilmerHale issued a comprehensive litigation hold directive to all appropriate personnel, and it will continue periodic followup.

(5) Any issues relating to claims of privilege or protection, including whether any agreement has been reached as to inadvertent production.

Plaintiff will seek discovery into areas Defendant claims are protected by the attorney client and attorney work product privileges.

The parties agree to work together on a joint confidentiality order and will submit one for the Court's consideration.

WilmerHale also notes that much of the information that is central to the claims and defenses in this case will be covered by the attorney-client and work product privileges. McAfee challenges the necessity of much of WilmerHale's work for Mr. Goyal, a charge that implicates Mr. Goyal's confidences particularly because the criminal representation over which McAfee has brought suit is ongoing (and McAfee is cooperating with the Government). WilmerHale submits that this case should not proceed until such time as Mr. Goyal's criminal matter is completed, at which time—as McAfee conceded in Delaware—there may be no issue as to the reasonableness of WilmerHale's fees because all of the fees and costs will be returned to McAfee by Mr. Goyal in a recoupment proceeding in Delaware.

(6) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.

None.

b. When and to whom plaintiff anticipates sending interrogatories.

McAfee will serve Wilmer Hale with interrogatories following the scheduling conference as provided by the rules.

c. When and to whom defendant anticipates sending interrogatories.

WilmerHale anticipates sending interrogatories to plaintiff within 30 days of answering the Third Amended Complaint.

d. Of whom and by when plaintiff anticipates taking oral depositions.

Wilmer Hale attorneys, former attorneys, management personnel, and experts following disclosures and/or exchange of written discovery.

e. Of whom and by when defendant anticipates taking oral depositions.

WilmerHale anticipates deposing at least Mr. Goyal and various current and former McAfee officials, including Dave Dewalt, Mark Cochran, Kent Roberts, Steve Thompkins and Ron Wills, relevant to the discovery subjects in 11(a)(2), among others. WilmerHale also anticipates deposing Joe Kendall and Legal Cost Control, Inc. We will be better able to determine who we will depose once the parties have served initial disclosures.

f. When plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

January 12, 2009 and February 13, 2009, respectively.

g. When plaintiff (or the party with the burden of proof on an issue) anticipates taking expert depositions and the anticipated completion date.

February 13 - March 16, 2009

h. When the opposing party anticipates taking expert depositions and the anticipated completion date.

February 13 – March 16, 2009

i. Whether there should be separate deadlines for the completion of fact discovery and expert discovery.

No.

j. If the parties disagree on any part of the discovery plan, describe the opposing views.

McAfee agrees with the Court's deadline for disclosures.

Wilmer Hale - WilmerHale believes that initial disclosures (and discovery) are premature until such time as the Court has ruled on WilmerHale's Motion to Dismiss Third Amended Complaint, and therefore suggests that initial disclosures be made 14 days after such ruling.

12. Specify any discovery beyond the initial disclosures that has taken place to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    March 16, 2009.

14. State the progress made toward settlement, and the present status of settlement negotiations by providing the information set out below.

    a. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) meeting.

    The parties have discussed settlement. Negotiations that have been conducted to date have not been successful and the parties were not able to resolve anything further.

    b. Describe what each party has done or agreed to do to bring about a prompt resolution of this case.

    Two face-to-face meetings have occurred between the parties. Plaintiffs traveled to Boston to meet with Defendant after suit was filed. A second meeting between all parties took place in Houston thereafter. The issues have been discussed and demands and offers have been exchanged.

    c. State whether a demand and an offer have been made.

    Yes.

15. From the attorneys' discussions with their client(s), state the alternative dispute resolution technique (e.g., mediation, arbitration, or summary jury trial) that would be reasonably suitable for resolving this case and when it would be most effective (e.g., before discovery, after limited discovery, at the close of discovery

    McAfee - Mediation after the close of discovery, however McAfee will consider mediation at any time.

    WilmerHale - Mediation, before discovery is substantially begun.

16. If mediation is the preferred ADR technique and the parties have agreed on a specific mediator, state the name and address of the mediator.

    McAfee suggests Judge Robert Parker.

<u>WilmerHale</u> - WilmerHale first learned of McAfee's interest in Judge Parker when McAfee forwarded the final draft of this Joint Case Plan the afternoon this Plan was filed. WilmerHale will consider this suggestion, and will identify other mediators for McAfee's consideration.

17. United States Magistrate Judges are vested with full authority to try both jury and nonjury trials. State whether the parties agree to trial before a United States Magistrate Judge.

    The parties are not in agreement on this issue.

18. State whether a jury demand has been made and if it was made on time.

    Yes. May 7, 2008.

19. Specify the number of hours it will take to present the evidence in this case.

    McAfee: 20 hours per side.

    WilmerHale: 20-30 hours for WilmerHale's defense.

20. List any pending motions that could be ruled on at the Scheduling Conference.

    None.

21. List all other pending motions.

    WilmerHale's Motion to Dismiss the Third Amended Complaint.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the Scheduling Conference

    McAfee will seek discovery into areas Defendant claims are protected by the attorney client and attorney work product privileges. McAfee believes that a Confidentiality Order can remedy these issues.

    WilmerHale believes that a Confidentiality Order will not resolve the fundamental problem posed by McAfee's assault on WilmerHale in the middle of its defense of its client in a criminal case. McAfee's charges of overbilling implicate the content and necessity of the work performed by WilmerHale for Mr. Goyal, whose attorney-client privilege and work product protection would be waived if produced by WilmerHale to any third party, regardless of the existence of a protective order, thereby allowing the Government (which is still prosecuting him) to pursue the same information. The only way to preserve these privileges is to defer any prosecution of these claims until after the criminal proceedings are concluded, at which time (as McAfee has already elsewhere admitted), there may be no need to pursue these claims at all.

23. Certify that all parties have filed Disclosure of Interested Persons as directed in paragraph 3 in the Order to Meet, Report and Appear at Scheduling Conference, listing the date of the original and any amendments.

   McAfee filed its Disclosure of Interested Persons on June 27, 2008 and amended it on July 2, 2008.

   WilmerHale filed its Disclosure of Interested Persons on June 30, 2008.

24. Proposed Dates for Scheduling. Please review the proposed deadlines for many of the pretrial events (listed below) that will be scheduled for this case. Both the events and the proposed dates are intended to give the parties guidance in (1) formulating answers to the other parts of this questionnaire and (2) scheduling the events preceding the trial. The Scheduling Order that will be entered at the Scheduling Conference will necessarily be more specific, more detailed, and contain additional matters and discovery limitations. The court's suggested dates and events may be appropriate for this case. If not, please propose suggested modifications that the parties believe are suited for this lawsuit. As indicated below by asterisks, some dates and events are "inflexible" because of limited judicial resources and the court's calendar.

| PRETRIAL EVENTS | COURT'S PROPOSED DATES | PARTIES' PROPOSED DATES |
|---|---|---|
| Rule 26(f) meeting | July 10, 2008 | |
| File case management plan | July 17, 2008 | |
| Rule 16(b) Scheduling Conference | **July 24, 2008** | |
| Rule 26(a)(1) initial disclosures | August 11, 2008 | McAfee: August 11, 2008<br><br>WilmerHale: 14 days after Court's ruling on Defendant's Motion to Dismiss Third Amended Complaint |
| Deadline to add additional parties | August 18, 2008 | 30 days after Court's ruling on Defendant's Motion to Dismiss Third Amended Complaint |
| Deadline to seek leave to amend pleadings | August 18, 2008 | 30 days after Court's ruling on Defendant's Motion to Dismiss Third Amended Complaint |
| Deadline to file motions to dismiss | September 12, 2008 | 30 days after the last-allowed amended |

|  |  | complaint is filed |
| --- | --- | --- |
| Exchange privilege logs | October 10, 2008 | 30 days after service of document request |
| Deadline for plaintiff to designate expert witnesses & reports | November 11, 2008 | January 12, 2009 |
| Deadline for defendant to designate expert witnesses & reports | December 11, 2008 | February 13, 2009 |
| Discovery deadline | January 12, 2008 | March 16, 2009 |
| Deadline to complete ADR | **January 19, 2009** | April 1, 2009 *If allowed by Court |
| Deadline to file dispositive motions | **January 26, 2009** | April 1, 2009 *If allowed by Court |
| Deadline to file joint pretrial order, motions in limine & proposed jury instructions (or proposed findings of fact & conclusions of law) | April 10, 2009 | May 4, 2009 |
| Pretrial conference & trial scheduling | **May 11, 2009** |  |

25. List the name, bar number, address, email address, and telephone number of counsel and any unrepresented person who will appear at the Scheduling Conference on behalf of the parties. Appearing counsel must be an attorney of record, have full authority to bind clients and enter into stipulations regarding all matters that may be discussed.

**ATTORNEYS FOR PLAINTIFF McAFEE, INC.:**

Martin E. Rose
State Bar No. 17253100
mrose@rosewalker.com
Lynda Lee Weaver
State Bar No. 21010680
lweaver@rosewalker.com
Kevin A. Koudelka
State Bar No. 24025971
kkoudelka@rosewalker.com
**ROSE•WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Telephone: (214) 752-8600
Fax: (214) 752-8700

and

Joe Kendall
State Bar No. 11260700
jkendall@provostumphrey.com
**PROVOST UMPHREY LLP**
3232 McKinney Ave., Ste. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Fax: (214) 744-3015

**ATTORNEYS FOR DEFENDANT WILMERHALE:**

R. Paul Yetter
Texas Bar No. 22154700
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
Phone: 713-632-8000
Fax: 713-632-8002
pyetter@yetterwarden.com

Gerson Zweifach
District of Columbia Bar No. 349266
Williams & Connolly, L.L.P.
725 Twelfth St., N.W.
Washington, D.C. 20005
Phone: 202-434-5534
Facsimile: 202-434-5029
gzweifach@wc.com.

**Signature of Counsel and Date:**

_____ w/permission
Martin E. Rose
Attorney-in-Charge for Plaintiff
McAfee, Inc.

July 17, 2008

_____ w/permission.
R. Paul Yetter
Attorney-in-Charge for Defendant
Wilmer Cutler Pickering Hale and Dorr LLP

July 17, 2008