# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

## SHERMAN DIVISION

**DATE:** July 24, 2008

| | |
|---|---|
| **JUDGE** | **COURT REPORTER:** Jan Mason |
| **MICHAEL H. SCHNEIDER** | **COURTROOM DEPUTY:** Linda Pritchard |

| | |
|---|---|
| McAFEE, INC. <br><br> vs. <br><br> WILMER, CUTLER, PICKERING, HALE AND DORR, LLP | **CAUSE NO:** <br> **4:08CV160** |

| ATTORNEYS FOR PLAINTFF | ATTORNEYS FOR DEFENDANT |
|---|---|
| MARTIN ROSE <br> STEVE SANFELIPPO <br> LYNDA LEE WEAVER <br> JOE KENDALL | R. PAUL YETTER <br> GERSON ZWEIFACH |

## MINUTES OF SCHEDULINGCONFERENCE

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 1:35 P.M.   **ADJOURN:** 3:05 P.M.

| TIME: | MINUTES: |
|---|---|
| 1:35 pm | Case called. Martin Rose, Joe Kendall, Steve Sanfelippo and Lynda Weaver announced ready for the plaintiff. Paul Yetter and Gerson Zweifach announced ready for the defendant. |
| 1:40 pm | Mr. Kendall addressed fraud claim. Mr. Rose responded. |
| 1:48 pm | Court granted motion by Mr. Yetter to allow Mr. Zweifach to appear pro hac vice. |
| 1:48 pm | Mr. Zweifach addressed the Court regarding the fraud claim. Mr. Rose responded. |
| 1:56 pm | The Court addressed claims of negligence, gross negligence and breach of fiduciary duty. Mr. Sanfelippo responded. Mr. Zweifach responded. Mr. Sanfelippo responded. Mr. Zweifach responded. |
| 2:09 pm | Court addressed indispensable party issue. Mr. Zweifach responded. Mr. Rose responded. Mr. Zweifach responded. |

CASE NO.   4:08cv160    DATE:   JULY 24, 2008
PAGE 2  - PROCEEDINGS CONTINUED:

| TIME: | MINUTES: |
|---|---|
| 2:28 pm | Mr. Kendall addressed hardship to the plaintiff. Mr. Zweifach responded. |
| 2:34 pm | Recess taken. |
| 2:57 pm | Court reconvened. |
| 2:58 pm | Court finds under 12(b)(1) that the matter is not ripe and in the alternative also finds that the forum selection clause applies that there is a close relationship of the type that is considered a transactional participant and the case should be dismissed for improper venue. And the alternative to that, the Court finds that the case should be dismissed under 12(b)(6) for failure to state a cause of action, fraud, theft, negligence, gross negligence and breach of fiduciary duty. Also, in the alternative, the Court finds that Goyal is an indispensable party and should be joined. |
| 3:01 pm | The parties may submit a memorandum order to the Court. |
| 3:02 pm | The order will be final once the Court enters a written order. |
| 3:05 pm | Court adjourned. |

**DAVID J. MALAND, CLERK**

BY:     Linda Pritchard
          Courtroom Deputy Clerk