UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| McAFEE, INC.<br><br>  Plaintiff,<br>v.<br><br>WILMER, CUTLER, PICKERING, HALE AND DORR, L.L.P<br><br>  Defendant. | JURY REQUESTED<br><br>No. 4:08-cv-160 MHS-DDB |

### PLAINTIFF MCAFEE, INC.'S OBJECTION TO DEFENDANT'S PROPOSED MEMORANDUM OPINION AND ORDER

McAfee Inc. ("McAfee") serves this Objection to Defendant Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.'s ("Wilmer Hale") proposed memorandum opinion and order ("proposed order"),[1] and would respectfully show the Court as follows:

**A. McAfee objects to the proposed order because, with the exception of the ripeness finding, it constitutes an improper advisory opinion. McAfee further objects that the proposed order purports to grant Wilmer Hale more relief than it is entitled to by law.**

Wilmer Hale's proposed order cannot be accepted by the court because, with the exception of the portion dealing with ripeness, it constitutes an improper advisory opinion. The proposed order also purports to grant Wilmer Hale more relief than it is entitled to because it purports to dismiss McAfee's claims "with prejudice." Wilmer Hale is not entitled to a dismissal with prejudice.

Wilmer Hale sought—and was granted—dismissal based upon a lack of ripeness. (Ex. 1, Excerpt from Hearing Transcript, at 40). Ripeness is a component of subject matter jurisdiction. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005). Once the district court determines it

---

[1] This is not intended to be a comprehensive list of objections to the Court's rulings, but only an objection to the form of the proposed order submitted by Wilmer Hale. McAfee expressly reserves its right to appeal any issue actually included in the Court's final ruling.

lacks subject matter jurisdiction, the only step it can take is to dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *U.S. v. Texas Tech Univ.*, 171 F.3d 279, 286-87 (5th Cir. 1999).

As the Fifth Circuit has stated, a federal court cannot hand down alternative grounds for a dismissal once it determines that it lacks subject matter jurisdiction:

> Although parties may (and do in this case) present their arguments in the alternative, we cannot hand down a decision in this fashion. To rule on a merits question before, or in addition to, answering the omnipresent jurisdictional question would contravene the well-established principle that the federal courts may not issue advisory opinions. See Marathon Oil Co. v. A.G. Ruhrgas, 145 F.3d 211, 222-23 (5th Cir.)(en banc) (" Ruhrgas ") (adopting the reasoning in Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n, 896 F.2d 674 (2d Cir.1990), which stated that when a defendant moves for dismissal under Rule 12(b)(1), and on other grounds, the court should consider the 12(b)(1) motion first since other defenses become moot and need not be determined if the court must dismiss the complaint for lack of subject matter jurisdiction), cert. granted, 525 U.S. 1039, 119 S.Ct. 589, 142 L.Ed.2d 532 (1998). In sum, we cannot hold that we possess no authority to hear a case, and then proceed to decide the statutory issue presented in the case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1016, 140 L.Ed.2d 210 (1998); Ruhrgas, 145 F.3d at 216 ("[O]ur jurisdiction must be considered at the outset of a case.").

*Texas Tech Univ.*, 171 F.3d at 286-87.

Moreover, a dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction **must be without prejudice**. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). Wilmer Hale's proposed order purports to grant dismissal with prejudice, and is therefore improper.

Accordingly, because the Court has concluded that it lacks subject matter jurisdiction, the remainder of the issues raised in Wilmer Hale's motion are moot and may not be ruled upon. *Arbaugh*, 546 U.S. at 514; *Texas Tech Univ.*, 171 F.3d at 286-87. Moreover, because the case is being dismissed for lack of subject matter jurisdiction, it must be dismissed without prejudice. *Cinel*, 15 F.3d at 1341. Wilmer Hale's proposed memorandum opinion must therefore be disregarded.

**B.  McAfee further objects to Wilmer Hale's proposed order because it purports to grant dismissal of McAfee's assumpsit claim—which was not dismissed by the Court.**

Wilmer Hale's proposed order also purports to dismiss McAfee's assumpsit claim. But as the transcript of the hearing on the motion to dismiss makes clear, this Court did not grant dismissal of the assumpsit claim. (Ex. 1 at 40). On the contrary, the court specifically stated that it was only dismissing the fraud, theft, negligence, gross negligence and breach of fiduciary duty claims. (Ex. 1 at 40). Thus, the assumpsit claim was not dismissed, and Wilmer Hale's proposed order should be disregarded.

For these reasons, Wilmer Hale's proposed memorandum opinion and order should be disregarded, and the Court's opinion and order should be limited to dismissal without prejudice based upon lack of subject matter jurisdiction.

Respectfully submitted,

*/s/ Martin E. Rose*
Martin E. Rose
State Bar No. 17253100
**Attorney-In-Charge**

Lynda Lee Weaver
State Bar No. 21010680
Kevin A. Koudelka
State Bar No. 24025971
Of Counsel

**ROSE●WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Telephone: (214) 752-8600
Fax: (214) 752-8700

**ATTORNEYS FOR PLAINTIFF MCAFEE, INC.**

and

Joe Kendall
State Bar No. 11260700
Of Counsel
**PROVOST UMPHREY LLP**
3232 McKinney Ave., Ste. 700
Dallas, TX 75204
Telephone: (214) 744-3000
Fax: (214) 744-3015

**ATTORNEYS FOR PLAINTIFF
MCAFEE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure a true and correct copy of the above and foregoing was forwarded to all counsel of record on this 31st day of July, 2008.

>Paul Yetter
>YETTER & WARDEN
>Two Houston Center
>909 Fannin, Suite 3600
>Houston, TX 77010
>Phone: 713.632.8000
>Fax: 713-632-8002
>pyetter@yetterwarden.com

>>*/s/ Martin E. Rose*
>>Martin E. Rose