UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MCAFEE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-160 |
| | § | |
| WILMER CUTLER PICKERING | § | |
| HALE AND DORR LLP, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT WILMER CUTLER PICKERING HALE AND DORR LLP'S
RESPONSE TO PLAINTIFF MCAFEE, INC.'S OBJECTION TO
DEFENDANT'S PROPOSED MEMORANDUM OPINION AND ORDER**

Defendant WilmerHale submits this Response to Plaintiff McAfee's Objection on the proposed memorandum opinion and order filed by WilmerHale on July 29, 2008.

At the hearing held in this matter on July 24, 2008, this Court considered and heard argument on the range of issues that had been briefed for the Court in WilmerHale's Motion to Dismiss pursuant to Rules 12(b)(1), (3), (6), (7), and Rule 9(b), and to which McAfee had supplied responsive briefing. Ripeness was the last of the issues to be taken up at the hearing, after full consideration of the other grounds for dismissal. The Court ruled on each of those issues, and ultimately determined that this case was not ripe in addition to the numerous other independently sufficient bases for dismissing the case. McAfee insists that the Court's formal Order of dismissal should mention only one of the Court's rulings. That is not the law.

First, it is hardly unusual for district courts to identify multiple grounds for an order of dismissal, so that a reviewing court may have the benefit of all of the trial court's rulings. *See, e.g., Florea v. United States*, 2008 WL 2699689, at *4 (D. Nev. 2008) (dismissing case for lack of subject matter jurisdiction and for failure to state a claim); *Walters v. United*

*States*, 2008 WL 191476, at *2-3 (M.D. Pa. 2008) (dismissing for lack of subject matter jurisdiction and failure to state a claim); *Little v. KPMG LLP*, 2008 WL 576226, at *4-6 (W.D. Tex. 2008) (dismissing for lack of standing and, in the alternative, for failure to state a claim under Rules 12(b)(6) and 9(b)); *McAlpine v. Maroney*, 2005 WL 3236487, at *7 (W.D. Okla. 2005) (dismissing for lack of standing and ripeness and, in the alternative, for failure to state a claim); *A.I.C. Ltd. v. Mapco Petroleum, Inc.*, 711 F.Supp. 1230, 1243 (D. Del. 1989) (dismissing for failure to state a claim or, in the alternative, lack of ripeness), *aff'd*, 888 F.2d 1378 (3d Cir. 1989). Moreover, the *United States v. Texas Tech Univ.* case, cited prominently in McAfee's Objection, relies heavily on *Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211, 222-23 (5th Cir. 1998), a Fifth Circuit case that was reversed by the Supreme Court in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999). In *Ruhrgas*, the Supreme Court made clear that courts could, for example, consider personal jurisdiction prior to subject matter jurisdiction, making clear that rigid adherence to a "subject matter jurisdiction-first" principle is not always required. *Id.* at 583-84. Having heard argument on all of the disputed issues, a ruling on each of those issues completes the district court's work on the matter and prevents the need for piecemeal adjudication and appeals. It would make no sense for the Court, having considered all the issues, to leave open the possibility of a remand that would only oblige the Court to re-announce the decisions it has already made.

Second, it is particularly appropriate in this case for the Court to memorialize all of its rulings. As the Court may recall, McAfee argued in its brief and at the hearing that issues of ripeness, forum selection and indispensable parties can have no effect on a fraud claim -- in effect, that McAfee should not have to incur any delay in prosecuting a claim for fraud. Whatever the merits of that position (and WilmerHale does not agree with it), it is important for

any reviewing court to know that the issue here is theoretical, not real, because McAfee, after four attempts, has not pleaded a claim for fraud or theft by deception. That ruling, along with the other merits-based rulings (including the dismissal of the assumpsit claim), should properly be made with prejudice, given the number of amendments already afforded McAfee. And surely McAfee should not be heard to argue, having insisted that ripeness alone cannot dispose of its claims, that the Court's formal ruling should stop short with ripeness.

Having considered all of the issues briefed, and having identified the numerous reasons that McAfee's claims could never proceed in this District or on the grounds stated, there is no reason not to commit to writing the Court's decision.

For the foregoing reasons, WilmerHale requests that McAfee's Objection be overruled, and that WilmerHale's proposed Memorandum Opinion and Order be entered.

Dated: August 1, 2008

Respectfully submitted,

Of Counsel:

Shawn M. Bates
State Bar No. 24027287
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 732-8000
(713) 632-8002 (Fax)

Gerson A. Zweifach
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, D.C. 20005
202-434-5534
202-434-5029 (Fax)

/s/ R. Paul Yetter
R. Paul Yetter
State Bar No. 22154700
Yetter, Warden & Coleman, L.L.P.
909 Fannin, Suite 3600
Houston, Texas 77010
(713) 732-8000
(713) 632-8002 (Fax)

Attorney-in-Charge for Defendant Wilmer Cutler Pickering Hale and Dorr LLP

## Certificate of Service

I certify on this 1st day of August, 2008, a true copy of this response was filed and served electronically on all counsel of record by e-filing and/or facsimile.

        /s/ Shawn M. Bates_____
        Shawn M. Bates