**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| MCAFEE, INC. | § | |
| | § | |
| v. | § | Case No. 4:08-cv-160 |
| | § | |
| WILMER, CUTLER, PICKERING, HALE | § | |
| AND DORR, L.L.P. | § | |

## MEMORANDUM AND OPINION

Pending before the Court is Defendant Wilmer, Cutler, Pickering, Hale and Dorr, L.L.P.'s

Motion to Dismiss (Doc. Nos. 7, 36).  WilmerHale moved to dismiss Plaintiff McAfee, Inc.'s Third

Amended Complaint on the grounds that 1) this Court lacks subject matter jurisdiction over the action

because McAfee's claims are not ripe, 2) McAfee filed its complaint in an improper venue, 3) McAfee

failed to join Prabhat Goyal, an indispensable party under Federal Rule of Civil Procedure 19, and 4)

McAfee failed to sufficiently plead fraud and otherwise plead a cause of action.  Having considered the

pleadings and briefing on file, the Court agrees with WilmerHale that the Court lacks jurisdiction over

the case.   However, because the Court lacks jurisdiction, the Court must remand rather than dismiss

the action.  Accordingly, WilmerHale's motion is granted in part and denied in part.

### I. Background

In 1996, McAfee, Inc. entered into an indemnity agreement with Prabhat Goyal, its chief

financial officer.  McAfee agreed to advance all expenses in connection with any proceeding to which

Goyal was a party by reason of Goyal's employment with McAfee.  The agreement, however, required

Goyal to ultimately repay expenses incurred in the course of defending Goyal if he was unsuccessful

on the merits.   The agreement included a forum selection clause, which required any action or

proceeding arising out of or relating to their agreement to be brought only in the state courts of

Delaware.

Beginning in 2002, the Department of Justice began investigating McAfee's accounting practices. Goyal retained the law firm of WilmerHale, and McAfee began advancing expenses pursuant to the indemnity agreement. Goyal was ultimately indicted for crimes related to his employment with McAfee.

During WilmerHale's representation of Goyal, WilmerHale presented monthly invoices to Goyal that were then forwarded to McAfee for review and payment. McAfee has paid WilmerHale over $12,000,000 in connection with Goyal's defense. In December 2007, McAfee hired an independent legal auditor to review WilmerHale's billing invoices. The audit revealed that WilmerHale employed over 100 timekeepers and spent roughly $200,000 on "luxury" transportation, food, and lodging. Goyal was convicted in 2007, but he is currently appealing his conviction.

On April 8, 2008, McAfee initiated this action in the 401st Judicial District in Collin County, Texas. Alleging that this Court had jurisdiction over the Texas suit, WilmerHale removed the suit to the United State District Court for the Eastern District of Texas. On May 7, 2008, McAfee filed its first federal complaint alleging claims of equitable subrogation, fraud, theft, negligence, gross negligence, and breach of fiduciary duty. Later, responding to WilmerHale's first motion to dismiss, McAfee filed another amended complaint where it abandoned the subrogation claim and added a claim of assumpsit. WilmerHale then filed its second motion to dismiss, which is the subject of this order.

## II. Motion to Dismiss because the Court Lacks Subject Matter Jurisdiction

### A. McAfee's Claims against WilmerHale are not ripe

To remove this case to federal court, WilmerHale alleged that this Court possessed subject matter jurisdiction over the action. Nevertheless, WilmerHale now, to dismiss this action, argues that

this Court does not posses subject matter jurisdiction because McAfee's claims are not ripe.  For the reasons set out below, the Court agrees that McAfee's claims are not ripe.

Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies."  U.S. CONST. art. III, § 2.  Pursuant to Article III's case-or-controversy requirement, the United States Supreme Court developed several justiciability doctrines, including the ripeness doctrine.  *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000); *see Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003).  "[D]rawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction," ripeness is a constitutional prerequisite to the exercise of jurisdiction.  *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993); *see Nat'l Park Hospitality Ass'n*, 538 U.S. at 807.

In *New Orleans Public Service, Inc. v. Council of New Orleans*, 833 F.2d 583 (5th Cir. 1987), the Fifth Circuit Court of Appeals set out the standard for determining whether a dispute is ripe for adjudication:

> A court should dismiss a case for lack of "ripeness" when the case is abstract or hypothetical.  The key considerations are "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."  A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

*Id.* at 586-87 (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967).

However, "even where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness."  *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 545 (5th Cir. 2008) (quoting *Cent. & Sw. Servs. v. E.P.A.*, 220 F.3d 683, 690 (5th Cir. 2000)); *see Valley v. Rapides Parish Sch. Bd.*, 145 F.3d 329, 332-334 (5th Cir. 1998) (holding that the party's claims were not ripe because there was only a potential threat of harm, not an "immediate harm necessary for Article

III justiciability"); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'"); *Ramirez v. Texas Low-Level Radioactive Waste Disposal Auth.*, 28 F. Supp. 2d 1019, 1021 (W.D. Tex. 1998) (holding that the plaintiff's claims were not ripe because the plaintiff failed to demonstrate that the threatened injury of which he complained was sufficiently imminent). The "basic rationale [behind the ripeness doctrine] is to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbott Laboratories*, 387 U.S. at 148.

Because further factual development is required for McAfee to demonstrate an immediate harm by WilmerHale, not just a potential threat of harm, McAfee's claims are not ripe.  Under McAfee and Goyal's indemnity agreement, McAfee agreed to advance attorneys' fees to WilmerHale.  Those advanced fees are merely provisional payments and are subject to recoupment by McAfee if it is ultimately determined that Goyal was not entitled to indemnification.  As a result, whether McAfee will suffer harm at the hand of WilmerHale is contingent on whether Goyal is entitled to indemnification.  If Goyal's conviction is affirmed and he is not found to be entitled to indemnification, Goyal will be legally obligated to refund all of the fees at issue, leaving McAfee with no basis for a claim against WilmerHale.  The harm McAfee alleges in its complaint is wholly contingent and uncertain.  Thus, McAfee's case at this point is abstract and hypothetical.  *See New Orleans Pub. Serv.*, 833 F.2d at 587. Accordingly, McAfee's claims against WilmerHale are not presently fit for judicial decision.

Further, the Court finds that withholding judicial consideration will not cause sufficient hardship to the parties to justify going forward with this case at this time.  *See id.*  On the contrary, the Court finds that the parties would undergo an even greater hardship if this case were to proceed now.  If this

case were to proceed, WilmerHale would be faced with a conflict between its responsibility of defending Goyal and its right to defend itself.  WilmerHale would be forced to either protect Goyal's attorney-client privilege and WilmerHale's work product or proceed in this suit.  Further, if this case were to proceed now, McAfee's case would be prejudiced because of an inability to obtain key documents from WilmerHale that go to the essence of its claims.  Given these considerations, the Court finds that  McAfee's case against WilmerHale should not go forward while Goyal's criminal case is pending.

Accordingly, because McAfee's case is not fit for judicial decision and because the parties will suffer greater hardship if this case were to proceed at this time, the Court agrees with WilmerHale that McAfee's claims are not ripe, and thus, the Court lacks subject matter jurisdiction over this case.[1] However, even though the parties did not raise the issue, the Court disagrees that dismissal is the appropriate remedy.

## B. Remand is the appropriate remedy

Title 28 U.S.C. § 1441(a) allows a defendant to remove a civil action from a state court to federal court, if the district court would have had original jurisdiction over the civil action.[2]  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."  *Id.* at § 1447(c) (emphasis added).  When a removal is defective for lack

---

[1] As this Court previously held at the hearing held on July 24, 2008, "[t]he Court finds under 12(b)(1) that there is no justiciable controversy, that the matter is not ripe."

[2] Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  The party removing a case and invoking jurisdiction of the federal court bears the burden of establishing jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-922 (5th Cir. 1997).

of subject matter jurisdiction, the district court must remand the action regardless of whether the parties have moved the court to do so.  *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 392 (1998). The literal words of § 1447(c) do not provide courts with discretion to dismiss, rather than remand, upon finding a lack of subject matter jurisdiction.  *Int'l Primate Protection League v. Adm'rs of the Tulane Educ. Fund*, 500 U.S. 72, 89 (1991).

Article III justiciability doctrines, including ripeness, "are essential components of federal subject matter jurisdiction."  *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005).  Therefore, when it appears that a civil action removed from state court is not ripe, the district court must remand the action to state court.  *Sandy Creek Investors, Ltd. v. City of Jonestown*, 325 F.3d 623, 626 (5th Cir. 2003) (vacating the district court's judgment on the merits and instructing the district court to remand to state court because the case was not ripe);  *Smith v. Wis. Dep't of Agric., Trade & Consumer Protection*, 23 F.3d 1134, 1142 (7th Cir. 1994) (vacating the district court's dismissal for ripeness and instructing the district court to remand to state court because remand, not dismissal, was the proper remedy);  *Dallas Indep. School Dist. v. Calvary Hill Cemetery*, 318 F. Supp. 2d 429, 432 (N.D. Tex. 2004) (remanding the case to state court because the plaintiff's claims were not ripe);  *see Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Human Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989) (hereinafter "*M.A.I.N.*") (holding that the district court had no discretion to dismiss, rather than remand, when the plaintiff lacked Article III standing).

Although some courts will dismiss a removed action if remand would be futile,[3] federal courts should not deem a remand futile if doing so would require the federal court to speculate on an issue of

---

[3]For example, some courts have noted that dismissal is the proper remedy where federal courts have exclusive jurisdiction over the subject matter.  *Herman v. Salomon Smith Barney, Inc.*, 266 F. Supp. 2d 1208, 1213 (S.D. Cal. 2003); *Express Tel. Servs. Inc. v. Sw. Bell Tel. Co.*, No. 3:02-cv-1082-M, 2002 WL 32360295, at *5 (N.D. Tex. Oct. 16, 2002).

state law.  *See*, *e.g.*, *Int'l Primate Protection League*, 500 U.S. at 89 (remanding, rather than dismissing, because the Court refused to speculate as to whether a party would be  indispensable in state courts); *M.A.I.N.*, 876 F.2d at 1055 (remanding, rather than dismissing, because the "fact that we believe a certain legal result *unlikely*, as a matter of state law, is not sufficient grounds for reading an exception into the absolute statutory words 'shall be remanded'") (emphasis in original).

Article III justiciability doctrines are distinctly federal in nature and have no bearing on state court justiciability doctrines.  *See ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).  As the Supreme Court explained in *ASARCO*, "the constraints of Article III do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability."  *Id.*  When a district court lacks jurisdiction over a removed case, "the case must be remanded to state court, where the requirements of Article III plainly will not apply."  *Int'l Primate Protection League*, 500 U.S. at 78 n.4.  The Seventh Circuit further explained this principle:

> While some consider it odd that a state court might have the authority to hear a federal constitutional claim in a setting where a federal court would not, it is clear that Article III's "case or controversy" limitations apply only to the federal courts.  Perhaps, were the claim remanded to Wisconsin state court, it would there be dismissed on state ripeness or standing grounds.  But again, § 1447(c) says that a case removed to federal court "shall be remanded" to the state court if it is discovered that the federal court lacks subject matter jurisdiction.  Wisconsin's doctrines of standing and ripeness are the business of the Wisconsin courts, and it is not for us to venture how the case would there be resolved.

*Smith*, 23 F.3d at 1142 (citations omitted) (reversing the district court's decision to dismiss a removed case instead of remanding the case after the court determined it lacked jurisdiction); *accord M.A.I.N.*, 876 F.2d at 1055-1056 (holding that remand is proper after finding lack of Article III standing).

On May 5, 2008, WilmerHale removed this action from the Texas District Court in the 401st Judicial District, Collin County, Texas.  WilmerHale invoked this Court's jurisdiction pursuant to 28

U.S.C. § 1332(a) and § 1441(a).  Def.'s Notice Removal ¶ 9 (May 5, 2008).  About a month later, WilmerHale filed a motion to dismiss, arguing, among alternative grounds, that this Court lacked subject matter jurisdiction.  Despite numerous opportunities, both parties failed to raise the issue of whether this case should be remanded, rather than dismissed, upon a finding that McAfee's claims do not satisfy the Article III ripeness doctrine.

Nonetheless, the Court concludes that the proper procedural remedy is remand.  The weight of authority clearly establishes that § 1447(c) operates mechanically, and a removed case "shall be remanded" if the Court determines it lacks subject matter jurisdiction.  Because the Article III ripeness doctrine implicates the jurisdiction of federal courts, remand is proper.   Despite the Court's reservations about the merits of McAfee's claims, the Court cannot dismiss rather than remand the case.[4]  Accordingly, the Court finds this case should be remanded.

### III. Motion to Dismiss because of Improper Venue, Failure to Join, and Failure to State a Claim

Also before the Court is Defendant WilmerHale's motion to dismiss for improper venue, failure to join Goyal, and failure to state a claim.  Though the Court believes that McAfee's claims should be dismissed on these grounds,[5] because the Court lacks subject matter jurisdiction, the Court declines to

---

[4] The Court cannot hold that remand to the Texas state courts would be futile because, while the Court holds that McAfee's claims do not satisfy Article III's ripeness requirement, the Court will not speculate on the application of Texas justiciability doctrines.  In our federal system, the issue of whether McAfee's claims satisfy ripeness standards in Texas state courts is a matter best reserved for the able judges of Texas.  The United States judiciary has no business promulgating its justiciability doctrines onto the States.

[5] As this Court held at the hearing, "[t]he Court finds under 12(b)(1) that there is no justiciable controversy, that the matter is not ripe, and in the alternative, and also finds that the forum selection clause applies, that there is a close relationship of a type that's considered a transactional participant, and the case should be dismissed for proper venue.  In the alternative to that, the Court finds that the case should be dismissed under 12(b)(6) for failure to state a cause of action of fraud, theft, negligence, gross negligence and breach of fiduciary duty.  Also in the

write on these issues.[6]

## IV. Conclusion

Because the Court lacks subject matter jurisdiction over this action, the Court must remand this action to state court.  Accordingly, this action shall be remanded to the 401st Judicial District of Collin County, Texas twenty days from the date of this order.

**It is SO ORDERED.**

**SIGNED this 14th day of August, 2008.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

alternative, last alternative, the Court finds that Goyal is an indispensable party that should be joined."

[6] *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (Article III "requires a federal court to satisfy itself of jurisdiction over the subject matter before it considers the merits of a case."); *United States v. Tex. Tech Univ.*, 171 F.3d 279, 287 (5th Cir. 1999) (quoting *Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998)) ("Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 623 (5th Cir. 1999) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)) ("A court must find jurisdiction . . . before determining the validity of a claim.").